UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | **CRIMINAL ACTION NO. 3:22CR-58-DJH** |
| **STEPHANIE M. RUSSELL** | **DEFENDANT** |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER**

Comes now the United States America, by counsel, for its response and objection to the Defendant's motion to revoke the order of pre-trial detention. [DN 28]. The defendant plotted the murder of her ex-husband and promised to pay a person she believed capable of completing the task $7,000. The Defendant, a pediatric physician at the time, placed $3,500 in cash in a locked specimen box on the outside of her offices in part payment. She has been charged with a violation of 18 U.S.C. § 1958, regarding use of facilities in interstate commerce in the commission of murder for hire, a crime of violence.[1] Defendant, who is a danger to her victim, her children, and the community, should

---

[1] Title 18, United States Code, Section 3156 provides:

(4) the term "crime of violence" means—

(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; or

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

1

be detained pending trial and this Court should affirm the Order of Detention entered by the United States Magistrate Judge on May 25, 2022. [DN 8].

## MEMORANDUM IN SUPPORT

### Evidence Relevant to the Charged Offense[2]

The evidence against the Defendant is detailed in the Affidavit in Support of the Criminal Complaint. [DN 1]. Defendant has been involved for over four years in protracted and increasingly contentious litigation with her former spouse over issues relating to the custody of their two minor children. *Crabtree v. Russell*, Jefferson Circuit Court, No, 18CI501606. That case included an extensive investigation by the Crimes Against Children Unit of the Louisville Metro Police Department that was ultimately closed with a finding that there was not a shred of evidence supporting Defendant's claims that her former spouse was sexually abusing one of the children. It also included a conclusion by the family court's psychologist that Defendant was emotionally abusing the same child by, among other things, coaching him to accuse his father. An emergency hearing was held in June 2020 and temporary custody of the children granted to their father, with Defendant allowed supervised visitation with the children. The temporary custody order culminated on January 31, 2022, with the entry of a custody decree awarding sole custody of the two children to Defendant's former spouse. A copy of the family court's Findings of Fact, Conclusions of Law, and Custody Decree was admitted as United States Exhibit 1 at Defendant's detention hearing. It

---

[2] The Sixth Circuit has held, "conducting a bail hearing by proffer is acceptable under the law and at the discretion of the district court." *United States v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010); *United States v. Webb*, 2000 WL 1721060, at *2 (6th Cir. 2000) ("The government may proceed in a detention hearing by proffer or hearsay."); *see also United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) ("Every circuit to have considered the matter . . . [has] permitted the Government to proceed by way of proffer.").

included a finding that:

> [T]he court concludes that supervised parenting time with [Defendant] is consistent with ensuring the children's welfare, as [Defendant's] current mental state is a safety risk at this time. Throughout this litigation, [Defendant] has exhibited ongoing behavior that raises significant red flags as to the children's safety, as well as the safety of [her former husband], including involving third parties to intimidate and harass [him]. This behavior is consistent with [Defendant's] continuing statements that she will do anything to keep her children safe, the rationalization she has used to justify her actions throughout this case. [Defendant] also has shown an indifference to obeying court orders in this action…[and] also shown a resistance to mental health treatment…Based on this, the court concludes it is reasonable to believe [Defendant] may abscond with or harm the children if allowed unsupervised parenting time, as she continues to believe [her former spouse] is a threat to the children and that she is entitled to do anything necessary to protect them.

[Detention Hearing, United States Exhibit 1, pp. 90-91]. The temporary sole custody order entered in June 2020, and the permanent sold custody order entered in January 2022 bookend the Defendant's repeated efforts to solicit someone to take her former husband out of the picture permanently.

## Legal Standard

The Bail Reform Act of 1984, 18 U.S.C. § 3142 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, even if a defendant is not considered a flight risk, his or her danger to the community alone is sufficient reason to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3rd Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). Where the judicial officer's justification for detention is premised upon the safety of the community, the decision must "be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2).

This matter is before the Court on the Defendant's motion for review of the Magistrate's release order; it is accordingly governed by 18 U.S.C. § 3145(b), which provides in pertinent part:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). "[I]t is well-settled that district courts exercise *de novo* review of a magistrate judge's release or detention order." *United States v. Demarcus Bristuan Fitzhugh*, No. 16-MJ-30364, 2016 WL 4727480, at *2 (E.D. Mich. Sept. 12, 2016); s*ee also United States v. Carter*, No. 1:20-CR-62-1, 2021 WL 687858, at *2 (S.D. Ohio Feb. 23, 2021) ("Given that the Second, Third, Fourth, Fifth, Eighth, Tenth, and Eleventh Circuits have directed district courts to use *de novo* or independent review . . . the Court adopts the majority rule and applies *de novo* review here.") (italics added); *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000).

The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against a person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

## Analysis

### Application of the § 3142(g) Factors

The Court should affirm the order of the United States Magistrate Judge: the defendant should be held without bond pending trial. The factors under 18 U.S.C. § 3142(g) support detention of the defendant.

### The Nature and Circumstances of the Crime Support Detention

The first factor, the nature and circumstances of the charged offense, favors detention. This factor asks the Court to consider "the nature and circumstances of the offense charged" as a general matter, but especially points to instances where "the offense is a crime of violence." 18 U.S.C. § 3142(g)(1). The § 1958 charge is a crime of violence. Thus, the charged offense falls into a category identified by Congress as one in which the nature and circumstances favor detention.

The premeditated, violent, and potentially deadly nature of the defendant's criminal conduct also weighs heavily in favor of detention. As summarized in the Criminal Complaint, the defendant plotted her former husband's attempted killing, repeatedly recruiting others to help her find a hitman who could do the job. These facts show a premeditation that increases the seriousness of this offense.

Second, the offense had the potential to cause grave harm. The actual and potential harm involved in this offense, therefore, weighs heavily in favor of detention. *See Stone*, 608 F.3d at 948 ("[N]ature and circumstances of the charges against all defendants weigh in favor of detention" where defendants "demonstrated interest in committing actual, physical violence ."); *United States v. McCollum*, No. 3:21-CR-35-TAV-DCP-2, 2021 WL 4468937, at *3 (E.D. Tenn. Sept. 29, 2021) (revoking release order despite "no history of violence . . . strong family ties and support" and "family members [who] offered to serve as third-party custodians" because of the "dangerousness" of defendant's crime).

### The Defendant's History and Characteristics Support Detention

The third factor concerns the history and characteristics of the defendant. This factor covers a wide range of issues including the person's character, family ties, employment, financial resources, and criminal history. The defendant has weak family ties as she is estranged from both

5

her mother and her brother. She entered into an Agreed Interim Order on June 13, 2022, with the Kentucky Board of Medical Licensure suspending her license to practice medicine during the pendency of the criminal charges against her. She has offered a third party as a potential custodian but this person is a close personal friend of the Defendant who has previously testified in the family court matter and has a strong personal bias in favor of the Defendant and has not demonstrated objectivity in regards to the Defendant. The defendant was able to secretly plot to kill her ex-husband and solicited the assistance of employees within her medical practice. The record of the litigation in family court also illustrates a history of increasingly erratic and emotional behavior, and a reluctance to engage in any kind of mental health treatment as recommended by the court.

If the defendant is mentally unstable or suffering from MS as her attorneys have stated and in need of medical treatment, correctional confinement will provide a place with access to medication and healthcare without the added risk of her plotting another murder. The defendant does not need to be released in order to receive medical treatment, and the community is safer with her detained. The third factor favors detention. *See Salerno*, 481 U.S. at 748-49 ("[T]he government may detain mentally unstable individuals who present a danger to the public"); *see also United States v. Cobb*, No. CR 08-111-GFVT, 2016 WL 9346851, at *2 (E.D. Ky. Jan. 8, 2016) (describing finding in favor of detention where defendant's "history of mental instability" raised "much concern . . . in the detention analysis."); *United States v. Platt*, No. 18-cr-195-WJM, 2018 WL 4698616, at *4 (D. Colo. Oct. 1, 2018) ("The Court does not doubt that Platt has a genuine need for treatment, but under the statutory framework that binds this Court, Platt's needs are secondary to the question of whether he poses a flight risk or a danger to himself or the community.").

### The Defendant is a Danger to Her Victim and The Community

Finally, courts must consider the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Even with third party custodians and location monitoring, the defendant remains a risk to her intended victim, and to the community at large. While GPS monitoring identifies where a person is when she is wearing the monitor, a GPS monitor cannot advise supervising probation officers "what" the person is doing, and it cannot alert law enforcement if the defendant is plotting another murder.

Defendant argues that she should be released in order to aid in the preparation of her defense. The discovery in this case is not voluminous, however, and the United States Marshals Service works with defense counsel to allow them ample time and opportunity to meet with their clients to review discovery. The convenience of being released and available to work with her counsel in preparation for trial is not outweighed by the danger the Defendant poses to her victim and to others.

The defendant is a danger to her victim, the community, and possibly her children. The fourth § 3142(g) factor, therefore, weighs in favor of detention.

## Conclusion

Based on the foregoing, the United States respectfully submits that it has met its burden to demonstrate that the Defendant should be detained pending trial in this case. Therefore, the United States respectfully requests entry of an Order affirming the order of detention entered by the United States Magistrate Judge pending disposition of the criminal action against her.

Respectfully submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

/s/ *Marisa J. Ford*
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5930