UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELECTRONICALLY FILED

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:22-CR-00058-DJH |
| STEPHANIE RUSSELL | DEFENDANT |

**STEPHANIE RUSSELL'S PRETRIAL MEMORANDUM**

Counsel for Stephanie Russell submits this memorandum to advise the Court as it prepares for trial, which is currently scheduled to begin on February 10.

A.  Statutes involved and elements of the offense:

The Indictment (R. 13, Page ID # 90-93) alleges that Dr. Russell used the telephone intending to cause the murder of her ex-husband in exchange for money, a violation of 18 U.S.C. § 1958. (*Id.*, Count 1, Page ID # 90.) To prove an offense under the statute, the government must show that Dr. Russell: (1) used the telephone (a "facility of interstate commerce") (2) with the intent that a murder in violation of the laws of Kentucky be committed and (3) promised to pay money ("anything of pecuniary value") as consideration for the murder. § 1958; *United States v.*

*Cordero*, 973 F.3d 603, 613 (6th Cir. 2020) (stating elements of offense).

**B.   Disputed and undisputed facts:**

The defense will dispute all facts material to Dr. Russell's criminal liability. The government's case will depend largely on text messages and other recorded communications; the defense is not likely to challenge these as to content or authenticity, but will dispute the specific interpretation of certain terms appearing in the transmissions and, more broadly, will deny that Dr. Russell acted with the requisite murderous intent when she engaged in the communications.

**C.   Unresolved issues of substantive law:**

Counsel does not anticipate that the Court will have to address disputes over the interpretation of the relevant statutes.

**D.   Evidentiary issues reasonably likely to arise:**

Counsel does not presently expect significant evidentiary disputes will affect the trial.

**E.   Reasonably anticipated trial problems:**

The defense does not foresee any trial problems at this time.

**F.   Proposed jury instructions:**

Dr. Russell's proposed jury instructions will be filed in a separate document.

**G.    Proposed voir dire questions:**

Dr. Russell will also file a separate pleading with proposed questions for jury selection.

**H.    Exhibit list:**

Dr. Russell reserves the right to introduce documents supplied by the government in discovery. The defense has given the government notice that it may offer expert testimony concerning Dr. Russell's mental condition, and it is possible that supporting documentation (résumés, test results) will be provided as exhibits with the testimony.

\* \* \* \* \*

Counsel will supplement this memorandum as requested by the Court and whenever warranted by the proceedings.

Respectfully submitted,

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli
Scott Coleman Cox , II
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MazzoliCMLaw@aol.com

and

> David B. Mour
> Law Office of David B. Mour
> 513 S. Second Street
> Louisville, KY 40202
> 502-473-6464
> dmour@louisvillefirm.com
>
> Attorneys for Defendant Russell

## CERTIFICATE OF SERVICE

On January 13, 2023, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*
Michael R. Mazzoli