**Instruction # \_\_**

**USE OF FACILITY OF INTERSTATE COMMERCE WITH INTENT THAT MURDER BE COMMITTED (18 U.S.C. § 1958)**

**INTRODUCTION** [1]

The indictment charges Dr. Russell with using a facility of interstate commerce with intent that a murder be committed. For you to find Dr. Russell guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First*, the defendant used a facility of interstate commerce;

*Second*, the defendant did so with the intent that a murder be committed in violation of the laws of Kentucky; and

*Third*, as consideration for this murder, the defendant promised to pay anything of pecuniary value. [and

*[Fourth*, the defendant was not entrapped, as defined later in these Instructions.]

Now I will give you more detailed instructions on some of these elements.

---

[1] Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* 18 U.S.C. § 1958 (2020 Online Edition), available at [http://www.scd.uscourts.gov/pji/PatternJuryInstructions.pdf](http://www.scd.uscourts.gov/pji/PatternJuryInstructions.pdf). *See United States v. Degan*, 229 F.3d 553, 556-557 (6th Cir. 2000) (reciting district court jury instruction for § 1958); *see also United States v. Cordero*, 973 F.3d 603, 613 (6th Cir. 2020) (stating elements of offense).

**Instruction # __**

**USE OF FACILITY OF INTERSTATE COMMERCE WITH INTENT THAT MURDER BE COMMITTED (18 U.S.C. § 1958)**

**DEFINITIONS**

"Facility of interstate commerce" includes means of communication, such as telephones and cellular phones.[2] The government must prove that Dr. Russell used a facility of interstate commerce and that one of the reasons for using the interstate facility was to promote, advance, manage, carry on or facilitate the intended murder.[3]

A person commits murder as defined by Kentucky law when he or she: (1) causes the death of another person, and (2) does so intentionally and not while acting under the influence of extreme emotional disturbance. "Extreme emotional disturbance" is a temporary state of mind so enraged, inflamed, or disturbed as to overcome one's judgment, and to cause one to act uncontrollably from the impelling force of the extreme emotional disturbance rather than from evil or malicious purposes. It is not a mental disease in itself, and an enraged, inflamed, or disturbed emotional state does not constitute an extreme emotional disturbance unless there is a reasonable explanation or excuse therefor, the reasonableness of which is to be determined from the viewpoint of a

---

[2]   18 U.S.C. § 1958(b)(2); *United States v. Weathers*, 169 F.3d 336, 341 (6th Cir. 1999).

[3]   *United States v. Winters*, 33 F.3d 720, 722 (6th Cir. 1994).

person in the defendant's situation under circumstances as defendant believed them to be.[4]

"Anything of pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.[5]

---

[4] *Holbrook v. Commonwealth*, 813 S.W.2d 811, 815 (Ky. 1991) (definition of "extreme emotional disturbance"), overruled in non-relevant part by *Elliott v. Commonwealth*, 976 S.W.2d 416, 422 (Ky. 1998); see *Sherroan v. Commonwealth*, 142 S.W.3d 7, 23 (Ky. 2004) (jury instruction to be given when evidence warrants).

[5] 18 U.S.C. § 1958(b)(1).

**Instruction # \_\_**

**USE OF FACILITY OF INTERSTATE COMMERCE WITH INTENT THAT MURDER BE COMMITTED (18 U.S.C. § 1958)**

**ENTRAPMENT** [6]

One of the issues in this case is whether Dr. Russell was entrapped. The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped by showing **either**:

(1) The defendant was willing to commit the crime charged in this case before she was approached or contacted by law enforcement agents or someone acting for the government; or

(2) The government, or someone acting for the government, did not persuade or talk the defendant into committing the crime.

---

[6] Eighth Circuit Model Criminal Jury Instructions § 9.01 (2021) (emphasis in original), available at https://www.ca8.uscourts.gov/sites/ca8/files/2021%20Edition-Criminal%20Jury%20Instructions.pdf.

Entrapment consists of two elements: "(1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to engage in the criminal activity." *United States v. Khalil*, 279 F.3d 358, 364 (6th Cir. 2002). "A defendant is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment, but the defendant must provide enough evidence to support both elements of entrapment in order to receive the instruction." *United States v. Demmler*, 655 F.3d 451, 456-457 (6th Cir. 2011) (internal citation and quotation marks omitted).

If you find that the government proved at least one of these two things beyond a reasonable doubt, then you must reject the defendant's claim of entrapment. If you find that the government failed to prove at least one of these two things beyond a reasonable doubt, then you must find the defendant not guilty.

The law allows the government to use undercover agents, deception, and other methods to present a person already willing to commit a crime with the opportunity to commit a crime, but the law does not allow the government to persuade an unwilling person to commit a crime. Simply giving someone a favorable opportunity to commit a crime is not the same as persuading her.[7]

---

[7] Compare Sixth Circuit Pattern Criminal Jury Instructions § 6.03 (entrapment instruction), available at https://www.ca6.uscourts.gov/sites/ca6/files/documents/pattern_jury/pdf/Chapter%206_1.pdf. The Eighth Circuit's model is preferred to the Sixth Circuit's for its economy of language and its accurate placement of the burden of proof on the government to demonstrate either that the defendant was predisposed to commit the crime or that the government did nothing to induce the crime. The Sixth Circuit's pattern jury instruction, though an accurate description of the law, is far longer than the Eighth Circuit's version and directs the jury to consider many specific factors that may have no relevance in the individual case.