UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                            CRIMINAL ACTION NO. 3:22-CR-00058-DJH

STEPHANIE M. RUSSELL                                                                        DEFENDANT

### UNITED STATES' MOTION FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OR, IN THE ALTERNATIVE, FOR A PRE-TRIAL HEARING ON THE ADMISSIBILITY OF DEFENDANT'S PROPOSED EXPERT EVIDENCE OF MENTAL CONDITION

Comes the United States of America, by counsel, Marisa J. Ford, Assistant United States Attorney for the Western District of Kentucky and moves the Court to enter an order directing the mental examination of the defendant, Stephanie M. Russell, by psychiatrists and psychologists of the Federal Bureau of Prisons at a Federal Medical Facility to determine if the defendant was suffering from any mental disease or defect or other medical condition bearing on the issue of Defendant's guilt. Alternatively, the United States requests an evidentiary hearing to determine the admissibility at trial of Defendant's proposed expert evidence of mental condition.

Defendant is charged with a violation of Title 18, United States Code, Section 1958. This statute makes it a federal crime to use interstate commerce facilities in the commission of murder-for-hire. A person who knowingly uses the mail or any facility of interstate commerce (in this case, a telephone) with the intent that a murder be committed in violation of the laws of any State in consideration for the receipt of payment, or as consideration for a promise or agreement to pay, has violated the statute.

On or about December 20, 2022, Defendant gave notice to the United States of her "intent to introduce, at trial, expert evidence relating to a mental condition which bears upon the

issue of guilt in her case." Reports prepared by a forensic psychiatrist and a forensic psychologist retained by the defendant were provided to counsel for the United States but have not yet been filed as part of the record of this case.

Although the Defendant's notice was not expressly styled as one filed pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure, it appears to be one made pursuant to Rule 12.2(b). The Notice does not appear to be one given under Rule 12.2(a) giving notice of defendant's intent to assert an insanity defense. Rather, Rule 12.2(b) provides for prior notice of expert evidence of a mental condition where a defendant intends to introduce "expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on …the issue of guilt."

A defendant is not necessarily precluded from offering non-insanity psychological evidence if certain conditions are met. Psychological evidence can be admitted to negate the intent element of a charged crime.  Mental-condition evidence is generally admissible only for the purpose of disproving specific intent crimes. *United States v. Gonyea*, 140 F.3d 649, 650 (6th Cir. 1998); *United States v. Kimes*, 246 F. 3d 800, 806 (6th Cir. 2001). Whether psychological evidence should be admitted at trial, however, can present a complex legal question as evidenced by the discussion in *United States v. Odeh*, 815 F. 3d 968, 975-979 (6th Cir. 2016), where the Sixth Circuit found that the trial court improperly barred the evidence of PTSD the defendant wanted to offer at trial in a false statements case.

Without addressing, at this juncture, whether 18 U.S.C. § 1958 is a general or specific intent crime, an element of the crime is that the United States must prove that the defendant acted "with intent that a murder be committed in violation of the laws of any State."

In the Commonwealth of Kentucky, K.R.S. 507.020 defines the crime of murder and provides:

(1) A person is guilty of murder when:

    (a) With intent to cause the death of another person her causes the death of such person or of a third person; except that in any prosecution a person shall not be guilty under this subsection *if he acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be."* (emphasis added).

The issue presented is whether evidence of extreme emotional disturbance that would be a defense to the crime of murder if charged in state court is admissible in a federal criminal trial where Defendant is charged with knowingly using a facility in interstate commerce to hire someone to murder her ex-husband.

The Insanity Defense Reform Act (IDRA) was passed in the wake of John Hinckley's acquittal of charges arising from his actions in shooting President Reagan and Press Secretary James Brady. As one Court noted, in passing the IDRA:

> [I]t is clear that Congress meant to eliminate any form of legal excuse based upon one's lack of volitional control. This includes a diminished ability or failure to reflect adequately upon the consequences or nature of one's actions. While scholars might debate the subtle distinctions in moral culpability occasioned by a person's relative capacity to consider her actions or resist unconscious motivation, Congress chose to eliminate any form of legal excuse based upon psychological impairment that does not come within the carefully tailored definition of insanity in section 17(a). Psychiatric evidence of impaired volitional control or inability to reflect on the ultimate consequences of one's conduct is inadmissible whether offered to support an insanity defense or for any other purpose.
>
> Second, Congress "intended to insure that the insanity defense is not improperly resurrected in the guise of showing some other *affirmative defense,* such as that the defendant had a 'diminished responsibility' or some similarly asserted state of mind which would serve to *excuse* the offense." S.Rep. No. 98–225, 98th Cong.,

> 2d Sess. 229 (1984), *Reprinted in* 1984 U.S.Code Cong. & Ad. News, 3182, 3411 (emphasis added) (hereinafter "*Senate Report* ").
>
> Finally, Congress was concerned about the danger that expert psychiatric testimony regarding inherently malleable psychological concepts can be misused at trial to mislead or confuse the jury. This legislative anxiety was independent of, and yet related to, the above-described concerns. *See* Fed.R.Evid. 704(b) (included in the same legislation as was in part codified at 18 U.S.C. § 20, later recodified at § 17).
>
> Federal courts should adhere to these three central principles of congressional reform when evaluating the admissibility of psychiatric evidence in trials for federal offenses.

*United States v. Cameron*, 907 F.2d 1051, 1061–62 (11th Cir. 1990).

The reports provided to the United States by the Defendant show that between July 30, 2022, and November 26, 2022, a psychological evaluation of the defendant was conducted by experts retained on her behalf. The evaluation included the administration of a battery of psychological testing instruments by a psychologist, and culminated in the completion in mid- December 2022 of a summary report prepared by a forensic psychiatrist. The defendant has indicated she intends to call both of these witnesses in her defense at trial. The essence of the proposed psychiatric testimony is that the clinical interview, review of previous records (from the Jefferson County family court divorce and custody proceedings involving the defendant and her ex-husband), and the report of psychological testing "indicate[] significant psychiatric and personality pathology" which the expert asserts resulted in the Defendant acting in a "delusional psychosis."

Rule 12.2(c)(1)(B) provides, in pertinent part:

> …If the defendant provides notice under Rule 12.2(b) [of expert evidence of a mental condition] the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

4

The United States respectfully requests that the Court enter an Order directing that the defendant undergo a formal psychiatric/psychological examination by a qualified psychiatrist or psychologist of the United States Bureau of Prisons, consistent with the procedures set forth in 18 U.S.C. § 4247, and that a psychiatric or psychological report be prepared including the examiners' findings relating to whether the defendant suffers from any mental disease or defect or any other medical condition bearing on the issue of her guilt.

Alternatively, the United States respectfully requests that the Court conduct a pre-trial evidentiary hearing to determine the admissibility of defendant's proposed expert evidence of mental condition.

        Respectfully submitted,

        MICHAEL A. BENNETT
        United States Attorney

        s/*Marisa J. Ford*
        Marisa J. Ford
        Assistant U.S. Attorney
        717 West Broadway
        Louisville, Kentucky 40202
        (502) 582-5911
        Marisa.ford@usdoj.gov