UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**UNITED STATES OF AMERICA**                                                                        **PLAINTIFF**

v.                                                                         **CRIMINAL ACTION NO. 3:22CR-58-DJH**

**STEPHANIE M. RUSSELL**                                                                         **DEFENDANT**

**UNITED STATES' MOTION TO RECONSIDER**

    Comes now the United States America, by counsel, and respectfully moves the Court to reconsider, and to withdraw or amend, its Order entered February 14, 2023, insofar as it orders the U.S. Marshal to transport the Defendant to a suitable federal medical facility for psychiatric examination. [DN 59]. The United States still seeks to have a psychiatric examination conducted, but there have been several developments since the hearing conducted on January 30, 2023 [DN 58], and entry of the Memorandum Opinion and Order granting the government's motion for psychiatric examination, that recommend towards revisiting the procedures outlined in the Court's Order. [DN 59]. The changes in circumstances are detailed below:

    1.    On February 15, 2023, the undersigned received an email from the Executive Office of United States Attorneys detailing the current backlog and delays in completion of competency evaluations by the Bureau of Prisons. While the information provided reported the most significant delays were related to defendants who were being restored to competency, there was also anecdotal information reporting significant delays in initial examinations resulting from limitations in available transportation for defendants to designated facilities through the United States Marshals Service and the Justice Prisoner and Alien Transportation System (JPATS), as well as staffing shortages and a

1

lack of available bed space at Bureau of Prisons Federal Medical Centers.

2. On February 21, 2023, the undersigned received an email communication from a regional Supervisory Attorney with the Bureau of Prisons stating that "[t]here is a limited number of beds available at FMC Carswell (the only female medical center in the BOP)," and BOP Medical Designations, with the Court's approval, would send the Defendant instead to one of several BOP "out-patient study sites" where the Defendant would still be in custody although not a medical center. After further inquiry, the undersigned was advised that the potential locations for the Defendant's designation and transfer would be one of the following:

- FDC Sea Tac, Seattle, Washington;
- MDC Brooklyn, Brooklyn, New York;
- FDC Houston, Houston, Texas;
- MDC Los Angeles, Los Angeles, CA; or
- FDC Miami, Miami, FL

Each of the BOP facilities takes a certain number of out-patient evaluations each month, so the Defendant's designation would be entirely dependent again on available bed space.

3. The Court's Order directs that the Defendant's psychiatric evaluation "shall be completed within thirty (30) days of entry of the Order." [DN 59]. On February 21, 2023, the Bureau of Prisons also advised that it "will need 30 days from the day the inmate *arrives* at the study facility." and would not be able to meet the Court's timeline of 30 days from entry of the Order.

4. As the Court noted in its Memorandum Opinion, defense counsel acknowledged that they had found certain limitations in doing an effective examination at the Oldham County Detention Center. On February 8, 2023, the undersigned was notified by email that rooms in the U.S. Courthouse in proximity to the U.S. Marshals Service were again available for prisoner interviews.

The United States has conferred with defense counsel about the possibility of agreed temporary custody orders. Those or, alternatively, local transport of the Defendant by the United States Marshals Service from the Oldham County Detention Center to the courthouse for purpose of psychiatric evaluation, coupled with the renewed availability of interview rooms in the courthouse, may obviate the difficulty of conducting a forensic psychiatric evaluation in a local jail.

5.   On February 23, 2024, the undersigned spoke with a Louisville based forensic psychiatrist who has worked before with the Department of Justice and can be retained as an expert by the United States to have the Defendant's psychiatric evaluation done locally. The United States was advised that indicated testing by a psychologist and interview by the forensic psychiatrist could be done in March, and that while it typically takes 3-4 weeks to produce a final report, that could be expedited if necessary. In short, given the reported time delays that, at least in the near term, appear to be inherent in BOP psychiatric evaluations, the United States submits that it is in the best interest of the parties in this case that the Memorandum Opinion and Order entered on February 14, 2023, be amended to: (1) allow the United States to retain a forensic psychiatrist of its choice to examine the Defendant Stephanie M. Russell; (2) that the United States may transmit the sealed reports of the Defendant's expert witnesses to its expert, and (3) that a report be prepared and filed under seal in conformity with the Court's previous Memorandum Opinion and Order. The United States respectfully requests that the Order also be amended to order that the examination and report be completed on or before April 28, 2023.

## CONCLUSION

For the foregoing reasons, the United States moves the Court to reconsider and amend the Memorandum Opinion and Order entered February 14, 2023.

        Respectfully submitted,

        MICHAEL A. BENNETT
        United States Attorney


        */s/ Marisa J. Ford*
        Marisa J. Ford
        Assistant U.S. Attorney
        717 W. Broadway
        Louisville, KY  40202
        (502) 582-5930
        Marisa.ford@usdoj.gov