**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | **CRIMINAL ACTION NO. 3:22CR-58-DJH** |
| **STEPHANIE M. RUSSELL** | **DEFENDANT** |

### UNITED STATES' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

The United States requests the Court provide the standard, applicable preliminary and closing instructions to the jury as set forth in the Sixth Circuit Pattern Criminal Jury Instructions, including the following instructions:

2.01A (Separate Consideration – Single Defendant Charged with Multiple Counts)

8.03B (Unanimity Not Required – Means)

8:08    (Verdict Limited to Charges Against the Defendant)

In addition, the United States requests that the attached substantive instructions be submitted to the jury.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney


*Marisa J. Ford*_____
Marisa J. Ford
Assistant U.S. Attorney
717 W. Broadway
Louisville, KY  40202
(502) 582-5930

<u>Proposed Instruction No. 1</u>

**Murder for Hire (18 U.S.C. § 1958)**

Title 18, United States Code, Section 1958 makes it a crime to cause another person to travel or use certain interstates facilities in the commission of a murder-for-hire.  The defendant is charged with this in Count 1 of the Indictment.  For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

First, that the defendant traveled or caused another person to travel in interstate commerce, or used or caused another person to use the mail or any facility of interstate commerce;

Second, that the defendant did so with the intent that a murder be committed in violation of the laws of the state of Kentucky; and

Third, the defendant intended that the murder be committed in exchange for payment of money.

The Kentucky Penal Code provides that a person is guilty of murder when, with intent to cause the death of another person, he or she causes the death of such person or of a third person.  KRS 507.020.  Under the Kentucky Penal Code, a person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his or her conscious objective is to cause that result or to engage in that conduct.  KRS. 501.020.

As to the first element, a "facility in interstate commerce" includes means of transportation and communication.  18 U.S.C. § 1958(b)(2).

As to the second element, the intent that murder be committed must have existed when the defendant caused another person to travel in interstate commerce or used the facility of interstate commerce.

"State" includes a State of the United States as well as the District of Columbia, and any commonwealth, territory, or possession of the United States. 18 U.S.C. § 1958(b)(2).

"Pecuniary value" means anything of value, whether in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage. 18 U.S.C. § 1958(b)(1).

Adapted from:
Ninth Cir. Model Crim. Jury Instruction No. 16.7 (2022)).

Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina 18 U.S.C. § 1958 (2020 Online Edition).

Proposed Instruction No. 2

**Stalking (18 U.S.C. § 2261A(2))**

Title 18, United States Code § 2261A(2) makes it a crime for a person, with intent to injure, harass, or intimidate, to use any facility in interstate commerce to engage in a course of conduct that causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to another person, including a spouse or intimate partner of that person. The defendant is charged with this in Count 2 of the Indictment. For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

First, that the defendant used., or caused another person to use, any facility of interstate commerce;

Second, that the defendant did so to engage in a course of conduct that caused, or would be reasonably expected to cause, substantial emotional distress to the spouse or intimate partner of the defendant; and

Third, that the defendant did so with the intent to injure, harass, or intimidate that person.

The term "course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. [§ 2266(2)]

Proposed Instruction No. 3

**Aiding and Abetting (18 U.S.C. § 2)**

(1) For you to find the defendant guilty of stalking as charged in Count 2 of the indictment, it is not necessary for you to find that she personally committed the crime. You may also find her guilty if she intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

(2) But for you to find the defendant guilty of stalking as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the crime of stalking was committed.

(B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

(C) And third, that the defendant intended to help commit or encourage the crime.

(3) Proof that the defendant may have known about the crime, even if she was there when it was committed, is not enough for you to find her guilty. You can consider this in deciding whether the government has proved that she was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of stalking as an aider and abettor.

Pattern Crim. Jury Instr. 6th Cir. 4.01 (2023)

Proposed Instruction No. 4

**Causing an Act (18 U.S.C. § 2)**

(1) For you to find the defendant guilty of stalking as charged in Count 2 of the indictment, it is not necessary for you to find that she personally committed the act charged in the indictment. You may also find her guilty if she willfully caused an act to be done which would be a federal crime if directly performed by her or another.

(2) But for you to find the defendant guilty of stalking, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant caused J.S. to commit the act of stalking.

(B) Second, if the defendant or another person had committed the act it would have been the crime of stalking.

(C) And third, that the defendant willfully caused the act to be done.

(3) Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You may consider this in deciding whether the government has proved that he caused the act to be done, but without more it is not enough.

(4) What the government must prove is that the defendant willfully did something to cause the act to be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of stalking.

Pattern Crim. Jury Instr. 6th Cir. 4.01A (2023)