UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELECTRONICALLY FILED

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                         CRIMINAL ACTION NO. 3:22-CR-00058-DJH

STEPHANIE RUSSELL                                           DEFENDANT

### STEPHANIE RUSSELL'S REVISED PRETRIAL MEMORANDUM

Counsel for Stephanie Russell submits this revised memorandum for the Court's use as it prepares for the trial scheduled to begin on November 30.

A.   **Statutes involved and elements of the offense:**

The Superseding Indictment (R. 77, Page ID # 315-316) alleges two offenses.

Count 1 claims that Dr. Russell used the telephone intending to cause the murder of her ex-husband in exchange for money, a violation of 18 U.S.C. § 1958. (*Id.*, Count 1, Page ID # 315.) To prove an offense under the statute, the government must show that Dr. Russell: (1) used the telephone (a "facility of interstate commerce") (2) with the intent that a murder in violation of the laws of Kentucky be committed and (3) promised to pay

money ("anything of pecuniary value") as consideration for the murder. § 1958; *United States v. Cordero*, 973 F.3d 603, 613 (6th Cir. 2020) (stating elements of offense).

Count 2 asserts that Dr. Russell used the telephone with the intent to harass her ex-husband, an offense under 18 U.S.C. § 2261A(2)(B). (*Id.*, Count 2, Page ID # 316.) For Dr. Russell to be found guilty of this crime, the jury must find beyond a reasonable doubt that (1) she used a facility of interstate commerce to engage in a course of conduct; (2) while engaged in the course of conduct, she acted with the intent to harass or intimidate her ex-husband; and (3) her course of conduct caused substantial emotional distress to her ex-husband. *United States v. Fleury*, 20 F.4th 1353, 1369-1371 (11th Cir. 2021) *and United States v. Yung*, 37 F.4th 70, 80 (3rd Cir. 2022).

**B.     Disputed and undisputed facts:**

The defense will dispute all facts material to Dr. Russell's criminal liability. The government's case will depend largely on text messages and other recorded communications; the defense is not likely to challenge these as to content or authenticity, but will dispute the specific interpretation of certain terms appearing in the transmissions and, more broadly, will deny that Dr. Russell acted with the requisite intent required to be found guilty under the applicable statutes.

C. **Unresolved issues of substantive law:**

Counsel does not anticipate that the Court will have to address disputes over the interpretation of the relevant statutes. Both parties now appear to agree that the Court's jury instructions for the murder-for-hire offense should include guidance on the elements of Kentucky's murder statute (*see* R. 80, U.S. Proposed Jury Instr., Page ID # 332), a position consistent with the Sixth Circuit's case law concerning § 1958 cases. *See United States v. Johnson*, 443 F.App'x 85, 97 (6th Cir. 2011) ("Section 1958(a) is a jurisdictional statute allowing federal prosecutors to bring specific types of state murder cases into federal court"); *see United States v. West*, 70 F.4th 341, 345 (6th Cir. 2023) (district court's instructions "defined 'murder' under Michigan law"), *United States v. Watson*, 852 F.App'x 164, 169 (6th Cir. 2021) (district court "provided the jury with the Michigan Model Criminal Jury Instructions' definition for first degree murder"), *and United States v. Acierno*, 579 F.3d 694, 699 (6th Cir. 2009) (elements of offense included "intent that a murder be committed, in violation of the laws of Ohio"); *see also United States v. Cottone*, No. 90–5328, 1991 WL 34996 at *3 (4th Cir. March 19, 1991) ("In order for the jury to decide whether Cottone intended that a murder that violated state law be committed, an instruction on the elements of murder under state law was not only appropriate but required"). When the introduction of proof is complete, however, it is likely the

parties will dispute whether the record contains sufficient evidence to require an instruction telling the jury that, to find Dr. Russell guilty under the murder-for-hire statute, they must determine that she was not acting under the influence of extreme emotional disturbance when she engaged in the alleged illegal communications. *See* KRS 507.020(1)(a); *Holland v. Commonwealth*, 114 S.W.3d 792, 806 (Ky. 2003) (jury instruction concerning extreme emotional disturbance required whenever there is "some definite, non-speculative evidence to support an EED instruction...").

**D.    Evidentiary issues reasonably likely to arise:**

Counsel does not presently expect significant evidentiary disputes will affect the trial.

**E.    Reasonably anticipated trial problems:**

The defense does not foresee any trial problems at this time.

**F.    Proposed revised jury instructions:**

Dr. Russell's proposed jury instructions will be filed in a separate document.

**G.    Proposed voir dire questions:**

Dr. Russell has previously filed a listing of proposed questions for jury selection. (R. 82, Page ID # 339-345.)

H.   **Exhibit list:**

Dr. Russell reserves the right to introduce documents supplied by the government in discovery.  The defense has given the government notice that it may offer expert testimony concerning Dr. Russell's mental condition, and it is possible that supporting documentation (résumés, test results) will be provided as exhibits with the testimony.

* * * * *

Counsel will supplement this memorandum as requested by the Court and whenever warranted by the proceedings.

Respectfully submitted,

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli
Scott Coleman Cox , II
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MazzoliCMLaw@aol.com

and

>David B. Mour
>Law Office of David B. Mour
>513 S. Second Street
>Louisville, KY 40202
>502-473-6464
>dmour@louisvillefirm.com
>
>Attorneys for Defendant Russell

## CERTIFICATE OF SERVICE

On November 2, 2023, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*
Michael R. Mazzoli