**Instruction # \_\_**

## USE OF FACILITY OF INTERSTATE COMMERCE WITH INTENT THAT MURDER BE COMMITTED (18 U.S.C. § 1958)

### INTRODUCTION [1]

The indictment charges Dr. Russell with using a facility of interstate commerce with intent that a murder be committed. For you to find Dr. Russell guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First*, the defendant used a facility of interstate commerce;

*Second*, the defendant did so with the intent that a murder be committed in violation of the laws of Kentucky; and

*Third*, as consideration for this murder, the defendant promised to pay anything of pecuniary value.

Now I will give you more detailed instructions on some of these elements.

---

[1] Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* 18 U.S.C. § 1958 (2020 Online Edition), available at http://www.scd.uscourts.gov/pji/PatternJuryInstructions.pdf. *See United States v. Degan*, 229 F.3d 553, 556-557 (6th Cir. 2000) (reciting district court jury instruction for § 1958); *see also United States v. Cordero*, 973 F.3d 603, 613 (6th Cir. 2020) (stating elements of offense).

**Instruction # \_\_**

## USE OF FACILITY OF INTERSTATE COMMERCE WITH INTENT THAT MURDER BE COMMITTED (18 U.S.C. § 1958)

### DEFINITIONS

"Facility of interstate commerce" includes means of communication, such as telephones and cellular phones.[2] The government must prove that Dr. Russell used a facility of interstate commerce and that one of the reasons for using the interstate facility was to promote, advance, manage, carry on or facilitate the intended murder.[3]

"Anything of pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.[4]

---

[2] 18 U.S.C. § 1958(b)(2); *United States v. Weathers*, 169 F.3d 336, 341 (6th Cir. 1999).

[3] *United States v. Winters*, 33 F.3d 720, 722 (6th Cir. 1994).

[4] 18 U.S.C. § 1958(b)(1).

**Instruction # \_\_**

**USE OF FACILITY OF INTERSTATE COMMERCE WITH INTENT THAT MURDER BE COMMITTED (18 U.S.C. § 1958)**

**MURDER**

A person commits murder as defined by Kentucky law when he or she: (1) causes the death of another person, and (2) does so intentionally and not while acting under the influence of extreme emotional disturbance.[5]

A person acts intentionally with respect to causing the death of another person when his conscious objective is to cause the death of that person.[6]

"Extreme emotional disturbance" is a temporary state of mind so enraged, inflamed, or disturbed as to overcome one's judgment, and to cause one to act uncontrollably from the impelling force of the extreme emotional disturbance rather than from evil or malicious purposes.  It is not a mental disease in itself, and an enraged, inflamed, or disturbed emotional state does not constitute an extreme emotional disturbance unless there is a reasonable explanation or excuse therefor, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under circumstances as defendant

---

[5]   KRS 507.020(1)(a).

[6]   KRS 501.020(1).

believed them to be.[7] The extreme emotional disturbance must be triggered or provoked by a sudden event or series of related events, and the condition of extreme emotional disturbance must remain uninterrupted between the triggering event and the moment the defendant committed the crime.[8] It is possible for any event, or even words, to arouse extreme emotional disturbance.[9],[10]

---

[7] *Holland v. Commonwealth*, 114 S.W.3d 792, 806 (Ky. 2003) (quoting *McClellan v. Commonwealth*, 715 S.W.2d 464, 468-469 (Ky. 1986).

[8] *Spears v. Commonwealth*, 30 S.W.3d 152, 155 (Ky. 2001), *and Benjamin v. Commonwealth*, 266 S.W.3d 775, 783 (Ky. 2008) (series of related events).

[9] *Spears*, 30 S.W.3d at 155.

[10] A jury instruction concerning extreme emotional disturbance is required whenever there is "some definite, non-speculative evidence to support an EED instruction…." *Holland*, 114 S.W.3d at 807 (quoting *Hudson v. Commonwealth*, 979 S.W.2d 106, 109 (Ky. 1998); *see also Sherroan v. Commonwealth*, 142 S.W.3d 7, 23 (Ky. 2004) (jury instruction to be given when evidence warrants).

**Instruction # \_\_**

**USE OF FACILITY OF INTERSTATE COMMERCE WITH INTENT THAT MURDER BE COMMITTED (18 U.S.C. § 1958)**

**CONCLUSION**

If you believe from the evidence beyond a reasonable doubt that, at the time the defendant used a facility of interstate commerce, she did so with the intent that a murder be committed, except that you have reasonable doubt as to whether the defendant at that time was or was not acting under the influence of extreme emotional disturbance, then you must find the defendant not guilty of the murder-for-hire charge.[11]

Otherwise, if you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any of the elements, then you must find the defendant not guilty of this charge.

---

[11] Adapted from the jury instruction provided in *Elery v. Commonwealth*, 368 S.W.3d 78, 91 (Ky. 2012) (quoting 1 William S. Cooper & Donald P. Cetrulo, *Kentucky Instructions to Juries, Criminal* § 2.03 (5th ed. 2006)). In a trial on the substantive charge of murder, the Supreme Court explained, "if EED is at issue and a jury has a reasonable doubt about the lack of EED, because it has before it enough convincing evidence of the existence of EED, then the proper verdict is first-degree manslaughter. This instruction thus properly reflects the state of the law, which places an EED element – specifically a lack of EED – only under the offense of murder, and not under manslaughter." *Ibid.*

**Instruction # \_\_**

**STALKING (18 U.S.C. § 2261A)**

**INTRODUCTION** [12]

It is a Federal crime to knowingly use, with the intent to harass or intimidate, an interactive computer service, electronic communications service, or other facility of interstate or foreign commerce to engage in a course of conduct that causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress.

For you to find the Ms. Russell guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First*, the defendant used an interactive computer service, electronic communication service, or any other facility of interstate and foreign commerce to engage in a course of conduct;

*Second*, the defendant, while engaged in the course of conduct, acted with the intent to harass or intimidate R_____ C_____; and

---

[12] 18 U.S.C. § 2261A(2)(B); *United States v. Fleury*, 20 F.4th 1353, 1369-1370 (11th Cir. 2021) (jury instruction given by district court) *and id.* at 1371 ("[w]e find no error in the instruction provided to the jury…"). See *also* Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* 18 U.S.C. § 2261A (2020 Online Edition), *available at* http://www.scd.uscourts.gov/pji/PatternJuryInstructions.pdf.

*Third,* the defendant's course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to R_____ C_____.

Now I will give you more detailed instructions on some of these elements.

**Instruction # \_\_**

**STALKING (18 U.S.C. § 2261A)**

**DEFINITIONS** [13]

The term "course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.[14]

"Facility of interstate commerce" includes means of communication, such as telephones and cellular phones.[15]

Intent to "intimidate" means to act with the specific intent or purpose of putting a person in fear of death or bodily injury.[16]

Intent to "harass" means to act with the specific intent or purpose of causing distress by a "true threat," as defined below.[17]

You may find Ms. Russell guilty only if her course of conduct included the communication of a true threat. A "true threat" is a serious threat expressing an intent to commit an act of unlawful violence against the person[18] – not idle talk, a careless remark, or something said jokingly

---

[13] Definitions from *Fleury*, 20 F.4th at 1370, except where otherwise indicated.

[14] 18 U.S.C. § 2266(2).

[15] 18 U.S.C. § 1958(b)(2).

[16] *United States v. Yung*, 37 F.4th 70, 80 (3rd Cir. 2022).

[17] *Yung*, 37 F.4th at 80.

[18] *Virginia v. Black*, 538 U.S. 343, 359 (2003) (definition of "true threat").

– that is made under circumstances that would place a reasonable person in fear of being kidnapped, killed, or physically injured.[19]

"Substantial emotional distress" means significant mental distress, mental suffering or anguish, as well as physical pain. It therefore requires a serious invasion of mental tranquility.

---

[19] Remainder of this paragraph comes from *Fleury*, 20 F.4th at 1370.

**Instruction # \_\_**

**STALKING (18 U.S.C. § 2261A)**

**AIDING AND ABETTING** [20]

For you to find Ms. Russell guilty of stalking, it is not necessary for you to find that she personally committed the crime. You may also find her guilty if she intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find Ms. Russell guilty of stalking as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First*, that the crime of stalking was committed;

*Second*, that the defendant helped to commit the crime or encouraged someone else to commit the crime; and

*Third*, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if she was there when it was committed, is not enough for you to find her guilty. You can consider this in deciding whether the government has proved that she was an aider and abettor, but without more it is not enough.

---

[20] Sixth Cir. Pattern Crim. Jury Instr. § 4.01 (March 1, 2023), *available at* http://www.ca6.uscourts.gov/pattern-jury-instructions.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of stalking as an aider and abettor.