UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                 PLAINTIFF

v.                                   CRIMINAL ACTION NO. 3:22-CR-00058-DJH

STEPHANIE M. RUSSELL                                           DEFENDANT

## UNITED STATES' MOTION IN LIMINE

The United States respectfully moves the Court to prevent Defendant from asking improper questions or making improper arguments inviting jury nullification, muddying the burden of proof, or invoking the consequences of conviction.

## BACKGROUND

Russell is charged in a two count Indictment with murder-for hire and stalking in violation of 18 U.S.C. §§ 1958, 2261A, and 2.

The Defendant has provided notice that she intends to raise a mental disease or defect defense under Rule 12.2(b)(1) and given notice that she intends to call an expert witness on this issue who is expected to testify, in part, that when Russell attempted to hire a hitman to execute her ex-husband, she acted in a mental state of "extreme emotional disturbance causing her to behave in a manner entirely inconsistent with her lifetime of medical service and socially acceptable behaviors. These aberrant behaviors and thinking were driven by the compulsion – reasonable to her – to protect her children from perceived further harm."

Russell has tendered a proposed jury instruction that includes extreme emotional disturbance as an element of the crime of murder under Kentucky state law:

> If you believe from the evidence beyond a reasonable doubt that, at the time the defendant used a facility of interstate commerce, she did so with the intent that a

> murder be committed, except that you have reasonable doubt as to whether the defendant at that time was or was not acting under the influence of extreme emotional disturbance, then you must find the defendant not guilty of the murder-for-hire charge.

[92-1, PageID # 375-376].

She has also tendered jury instructions asserting the affirmative defense of entrapment. [DN 52, PageID # 203]. Rather than submitting the Sixth Circuit's Pattern Criminal Jury Instruction on entrapment, Russell has selected the Eighth Circuit's pattern instruction which reads, in part:

> One of the issues in this case is whether the defendant was entrapped. ***The [government] [prosecution] has the burden of proving beyond a reasonable doubt that the defendant was not entrapped by showing either:*** (1) the defendant was willing to commit (insert description of crime charged) before [he] [she] was approached or contacted by law enforcement agents[2] or someone acting for the government; **or** (2) the government, or someone acting for the government, did not persuade or talk the defendant into committing (insert description of crime charged). ***If you find that the [government] [prosecution] proved at least one of these two things beyond a reasonable doubt, then you must reject the defendant's claim of entrapment. If you find that the [government] [prosecution] failed to prove at least one of these two things beyond a reasonable doubt, then you must find the defendant not guilty.***

Eighth Circuit Pattern Criminal Instruction 9.01 (emphasis added).

## LEGAL STANDARD

The Court has broad discretion to prevent improper questioning or arguments by counsel. *See, e.g.*, *Herring v. New York*, 422 U.S. 853, 862 (1975); *United States v. Zeman*, 978 F.2d 1260 tbl., at *8 (6th Cir. 1992); *United States v. Johnson*, 299 F. Supp. 3d 909, 923 (M.D. Tenn. 2018). With such broad discretion comes "the responsibility to maintain decorum in keeping with the nature of the proceeding." *United States v. Young*, 470 U.S. 1, 10 (1985). The Court "is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law." *Quercia v. United States*, 289 U.S. 466, 469 (1933). "Both the

2

prosecutor and defense counsel must be kept within appropriate bounds." *Young*, 470 U.S. at 10 . When "the trial judge takes no corrective action," improper arguments by defense counsel "provok[e] the prosecutor to respond in kind," and trial decorum suffers. *Id.* Therefore, it is best "for the District Judge to deal with the improper argument of the defense counsel promptly." *Id.* at 13.

Defense arguments may be improper for several reasons, including that they are "based on facts not in evidence." *United States v. Davis*, 809 F.2d 1194, 1209 (6th Cir. 1987). To enter evidence, facts must be relevant and have a probative value that is not substantially outweighed by certain factors. Indeed, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is irrelevant if it does not tend to make "more or less probable" a fact that "is of consequence in determining the action." Fed. R. Evid. 401. And the probative value (i.e., the tendency to make a fact more or less probable) of the evidence must not be "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Defense arguments are thus improper if they appeal to prejudice, misstate the law, seek to confuse the jury, invite the jury to ignore the law, or encourage the jury to consider inappropriate issues. Defendants "cannot invoke the Sixth Amendment as a justification for presenting what [would be] a half-truth." *United States v. Nobles*, 422 U.S. 225, 241 (1975).

**ARGUMENT**

Because Defendant's expert witness disclosure and proposed jury instructions indicate that she may seek to present certain categories of improper evidence and argument, the trial will proceed more smoothly if such evidence and argument are excluded ahead of time—before they

disrupt the trial with objections and lengthy sidebars. Thus, the United States asks the Court to exclude several categories of improper evidence, questioning and arguments.[1]

1. Inviting Jury Nullification

It would be improper for Defendant to invite jury nullification. As another district court in the Sixth Circuit recently explained, "[a]rguments for jury nullification would fly directly in the face of" Sixth Circuit Pattern Criminal Jury Instruction 1.02, which "instruct[s] the jury of its duty to follow the law whether the jury agrees with it or not." *United States v. Sittenfeld*, No. 1:20-CR-142, 2022 WL 2192955, at *5 (S.D. Ohio June 17, 2022) (barring arguments for jury nullification). "The Sixth Circuit has also indicated that informing the jurors of their right to nullification is improper." *United States v. Hill*, No. 3:09-CR-59-TBR, 2010 WL 4604033, at *2 (W.D. Ky. Nov. 2, 2010); *see United States v. Calhoun*, 49 F.3d 231, 236 n.6 (6th Cir. 1995) (affirming the district court's refusal to allow a defendant to inform the jury about jury nullification).

It would be improper for defense counsel to ask witnesses if they believe defendant was a good doctor. It would be improper to ask witnesses if the Defendant's children miss her. It would be improper to elicit testimony that the Defendant purportedly has multiple sclerosis or the impact any flare-ups of that disease may have on the Defendant. It would be improper to elicit testimony from Defendant's expert witness that Russell's offense conduct was aberrant given her "lifetime of medical service and socially acceptable behaviors." Questions or arguments in any of these areas are irrelevant and would be intended solely to engender sympathy for Russell and invite jury nullification.

---

[1] The following categories are the potential improper arguments that the United States has been able to identify thus far. Should unanticipated improper arguments arise at trial, the United States will need to object, but the goal of this motion is to limit the need for such interruptions as much as possible.

2. <u>Muddying the Burden of Proof</u>

Defendant's tendered jury instructions on her two affirmative defenses: (1) extreme emotional duress and (2) entrapment improperly shift the burden of proof to the United States.

An affirmative defense permissibly shifts the burden of production/proof to the defendant. For affirmative defenses it is constitutional to have the defendant bear the burden of proof even where an element of the defense might negate an element of the crime. *Martin v. Ohio*, 480 U.S. 228, 234 (1987)(self-defense); *see also United States v. Bailey*, 444 U.S. 394, 410 (1980)(duress); *Patterson v. New York*, 432 U.S. 197 (1977)(extreme emotional disturbance); *Leland v. Oregon*, 343 U.S. 790, 799 (1952)(insanity); *Oats v. Singletary*, 141 F.3d 1018, 1027 (11th Cir. 1998)(voluntary intoxication).

With regard to entrapment, no instruction on entrapment need be given unless there is some evidence of both government inducement and lack of predisposition. *United States v. Nelson*, 922 F.2d 311, 317 (6th Cir. 1990). It is the duty of the trial judge to determine whether there is sufficient evidence of entrapment to allow the issue to go before the jury. If there is, only then does the burden shift to the government to prove predisposition. *United States v. Meyer*, 803 F.2d 246, 249 (6th Cir. 1986). Then the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. *See, e.g.*, *United States v. Jones*, 575 F.2d 81, 83-84 (6th Cir. 1978).

The elements of an affirmative defense of duress or coercion are typically listed in pattern jury instructions. For example, in the Sixth Circuit:

(1) One of the questions in this case is whether the defendant was coerced, or forced, to commit the crime. Here, unlike the other matters I have discussed with you, ***the defendant has the burden of proof.***

(2) Coercion can excuse a crime, but only if the following five factors are met:

5

    (A) First, that the defendant reasonably believed there was a present, imminent, and impending threat of death or serious bodily injury [to himself] [to another];

    (B) Second, that the defendant had not recklessly or negligently placed himself [another] in a situation in which it was probable that he would be forced to choose the criminal conduct;

    (C) Third, that the defendant had no reasonable, legal alternative to violating the law;

    (D) Fourth, that the defendant reasonably believed his criminal conduct would avoid the threatened harm; and

    (E) Fifth, that the defendant did not maintain the illegal conduct any longer than absolutely necessary.

(3) If the defendant proves by a preponderance of the evidence the five elements listed above, then you must find the defendant not guilty.

(4) Preponderance of the evidence is defined as "more likely than not." In other words, the defendant must convince you that the five factors are more likely true than not true.

Pattern Crim. Jury Instr. 6th Cir. 6.05 (2023)(emphasis added).

    Similarly, under Kentucky state law, extreme emotional disturbance, the other defense proffered by Russell, is an affirmative defense, and to establish extreme emotional disturbance as an affirmative defense in a murder prosecution, a defendant must show a temporary state of mind so enraged, inflamed, or disturbed as to overcome one's judgment, and to cause one to act uncontrollably from the impelling force of the extreme emotional disturbance rather than from evil or malicious purposes. *Park v. Commonwealth*, 413 S.W. 2d 638 (Ky App. 2012). The mere presence of mental illness in a defendant, standing alone, does not constitute "extreme emotional disturbance," as a defense to murder. *Keeling v. Commonwealth*, 381 S.W. 2d 248 (Ky 2012). Once evidence has been introduced in a murder prosecution establishing extreme emotional disturbance, only then does burden shift to the government to affirmatively disprove its existence. *Benjamin v. Commonwealth*, 266 S.W. 2d 775 (Ky. 2008).

It would be improper for Defendant to deviate from the Sixth Circuit Pattern Criminal Jury Instruction on entrapment and on the instruction ultimately given on duress or extreme emotional disturbance by this Court to suggest that the government bears the burden of disproving either one. These are affirmative defenses for which Russell bears the burden of proof, at least at the outset, and the jury needs to be clearly instructed as such. Deviating from established pattern instructions clearly identifying the burden Defendant bears to establish an affirmative defense can only muddy the waters on where the burden of proof lies.

 3. <u>Invoking the Consequences of Conviction</u>

It would be improper to comment on the effects a conviction might have on the Defendant. For example, any argument that Defendant might face prison time, might not see her children for many years, or lose her medical license would be improper. *See* 6th Cir. Pattern Crim. Jury Instr. 8.05 ("It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict."); *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion."); *United States v. Arrow-Med Ambulance, Inc.*, No. 17-CR-73-JMH-1, 2018 WL 3594974, at *2 (E.D. Ky. July 26, 2018) (barring "[e]vidence and argument concerning the collateral effects of a conviction of the Defendants"); *Hill*, 2010 WL 4604033, at *1 (barring evidence and argument regarding "the potential penalties Defendant might face").

## CONCLUSION

For these reasons, the United States respectfully requests that the Court prevent Defendant from improper questioning or making improper arguments inviting jury nullification, muddying the burden of proof, and invoking the consequences of conviction.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney


*/s/ Marisa J. Ford*
Marisa J. Ford
Assistant U.S. Attorney
717 W. Broadway
Louisville, KY  40202
(502) 582-5930
