UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ELECTRONICALLY FILED**

UNITED STATES OF AMERICA                    PLAINTIFF

v.                    CRIMINAL ACTION NO. 3:22-CR-00058-DJH

STEPHANIE RUSSELL                          DEFENDANT

## STEPHANIE RUSSELL'S OBJECTION TO, AND MOTION TO EXCLUDE, UNTIMELY-DISCLOSED GOVERNMENT EXPERT TESTIMONY

On December 20, 2022, almost a year ago, the defense gave the government a summary of expert testimony from forensic psychiatrist Walter Butler, M.D.  Among the materials Dr. Butler reviewed for his evaluation was extensive information from psychologist Kelli Marvin, Ph.D., who had examined Defendant Russell for a 2018 case in Jefferson Family Court and had provided both a formal report and trial testimony regarding Ms. Russell's mental condition.  The government had disclosed Dr. Marvin's information to the defense in about August 2022.

Yesterday, November 15, 2023, the government gave notice that it intends to offer expert testimony from Dr. Marvin in rebuttal to the opinion of Dr. Butler.  This notice comes almost six weeks

after the expiration of the Court's final deadline for disclosing such rebuttal testimony, which fell on October 5.  (*See* Order, R. 67 at pg. 3 ¶ (3)(b), Page ID # 294 (deadline for rebuttal testimony due eight weeks before trial, then set for Nov. 8).)

The prosecution has failed, badly, to comply with its discovery obligations under Fed. R. Crim. P. 16(a)(1), and Ms. Russell asks the Court to use its authority under Rule 16(d)(2)(C) to prohibit the government from introducing Dr. Marvin's testimony at trial.

The government has not lacked the time to disclose Dr. Marvin's rebuttal testimony.  It has known of Dr. Marvin's testimony since at least August 2022, if not much earlier; it has known of Dr. Butler's intended testimony (and the possible need for rebuttal evidence) since December 2022.  The prosecution surely could have made timely disclosure between December 2022 and October 5, 2023, the deadline applicable when the parties expected trial on November 8.  Instead, the government blew through this deadline, added a new criminal charge against Ms. Russell and then expanded that charge's temporal scope by superseding the indictment – twice – and forced a continuance of the trial.  At the very least, when the Court was discussing a new trial date in consideration of the challenge posed by the new superseding indictment, the government could have given notice that the defense would also have to prepare for new expert

testimony in addition to the new criminal charge.   And yet, after all this, it was not until yesterday that the prosecution finally fulfilled its disclosure obligation.

Rule 16(d)(2) authorizes the Court to exclude evidence when a party fails to comply with its discovery duties, and suppression is "[a] proper sanction for failure to disclose…." *United States v. Hardy*, 586 F.3d 1040, 1044 (6th Cir. 2009).  "In deciding whether suppression of evidence is an appropriate remedy," counsels the Sixth Circuit, "a district court should consider: (1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess." *United States v. Ganier*, 468 F.3d 920, 927 (6th Cir. 2006) (citing *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995)).  Although suppression is a harsh sanction, it is proper when "necessary to serve remedial objectives." *Ibid.* (quoting *Maples*, 60 F.3d at 247-248).

A discovery violation is particularly prejudicial when it involves late disclosure of expert testimony.  The Tenth Circuit emphasized this principle when reviewing a federal prosecution in which the government waited until two weeks before trial to advise the defense of its intention to offer the testimony of a toxicologist concerning a victim's cause of death.  *United States v. Moya*, 748

Fed. Appx. 819, 821-822 (10th Cir. 2018).  The toxicologist's report had been disclosed to the defense well over a year before the scheduled trial date, and an early defense witness list had included the toxicologist, *id.* at 823-824, but the court held that this did not reduce the prejudice caused by the government's late disclosure. "Merely having a copy of [the toxicologist's] report wouldn't necessarily prompt defense counsel to prepare to cross-examine [her] as an expert," the court observed.  *Id.* at 823.  "Likewise," the court continued, the fact that "defense counsel once listed [the toxicologist] as a potential defense witness would – at most – suggest that defense counsel might have been prepared to conduct a direct examination of [her]."  *Id.* at 823-824.  "But cross-examination and direct examination require distinct preparation," the court explained, "[a]nd preparing to cross-examine an *expert* witness is particularly tricky."  *Id.* at 824 (citing *Smith v. Ford Motor Co.*, 626 F.2d 784, 793 (10th Cir. 1980)) (emphasis in original).  In *Moya* – just as in our case – "the government's belated decision to call [the toxicologist] as an expert witness likely surprised [the defendant], … [a]nd that surprise operated to his detriment: before the government's late notice, [the defendant] had no reason to plan or prepare to cross-examine [the expert]."  *Ibid.* (citing *United States v. Golyansky*, 291 F.3d 1245, 1250 (10th Cir. 2002) (defining prejudice as impact on defendant's ability to prepare)).

4

Suppression is an appropriate sanction in our case. It is difficult to conjure a reasonable explanation for the government's violation in our case. The prejudice caused by the government's protracted delay is severe and essentially irremediable; the prosecution means to have Dr. Marvin offer new opinions to counter Dr. Butler, and the defense, rather than having the eight-week preparation time built into the Court's standard discovery order, has a total of sixteen days (including the Thanksgiving holiday), a time span that is simply inadequate for something as complex and specialized as psychiatric testimony. And as the Court understands from the parties' most recent pretrial conference, another continuance of the trial date is intolerable as an alternative.

The prosecution has withheld critical expert testimony until the last minute before trial; no defense can be expected to prevail when put to so extreme a disadvantage. "The adversary process could not function effectively," the Supreme Court has commented, "without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case." *Taylor v. Illinois*, 484 U.S. 400, 410-411 (1988). The government's violation of its disclosure duties strikes at the heart of the trial process itself, and "remedial objectives" fully warrant exclusion of the late-disclosed testimony.

Respectfully submitted,

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli
Scott Coleman Cox , II
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MazzoliCMLaw@aol.com

and

David B. Mour
Law Office of David B. Mour
513 S. Second Street
Louisville, KY 40202
502-473-6464
dmour@louisvillefirm.com

Attorneys for Defendant Russell

## CERTIFICATE OF SERVICE

On November 16, 2023, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*

Michael R. Mazzoli