UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:22-cr-58-DJH

STEPHANIE M. RUSSELL,     Defendant.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Defendant Stephanie M. Russell moves to suppress the testimony of Dr. Kelli Marvin as a remedy for the United States' alleged failure to disclose timely that it would be calling Marvin as an expert witness in the rebuttal phase of the government's case. (Docket No. 100) The United States opposes the motion. (D.N. 102) After careful consideration, the Court will deny Russell's motion for the reasons stated below.

**I.**

Russell moves to suppress Marvin's testimony because the government gave notice that it intends to call Marvin as a rebuttal witness. This notice came on November 15, 2023, well after the original October 5, 2023 deadline for disclosing expert testimony. (D.N. 100, PageID.424-25; D.N. 67) Citing Fed. R. Crim. P. 16(d)(2)(C), Russell argues that suppression is the appropriate remedy for this alleged discovery violation. (D.N. 100, PageID.425) The United States asserts that it will call Marvin as a fact witness to testify to the underlying family-court litigation and thus the government did not have to disclose that it would call her at all, let alone by the Court's October 5 deadline to disclose expert witnesses. (D.N. 102, PageID.439-40) The United States also emphasizes that defense counsel has had access to Marvin's reports since August 2022 and that those reports serve as the basis, in part, of the defense expert's testimony. (*Id.*, PageID.437) The

1

Court need not decide whether the United States violated the pretrial deadlines by not disclosing Marvin as an expert witness, because suppression would be an excessively harsh remedy for such a violation.

"Courts should impose 'the least severe remedy available to cure prejudice' where a potential Rule 16 violation has occurred." *United States v. Collins*, 799 F.3d 554, 573 (6th Cir. 2015) (quoting *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995)). Suppression should be "reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court." *Maples*, 60 F.3d at 247. In determining whether a discovery violation presents a rare instance in which suppression is warranted, courts consider "(1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess." *United States v. Davis*, 514 F.3d 596, 611 (6th Cir. 2008) (quoting *Maples*, 60 F.3d at 247).

At the outset, the Court notes that Russell's motion to exclude key rebuttal testimony for failure to meet pretrial deadlines ignores the recent history of this case. During the final pretrial conference on October 26, 2023, defense counsel asked the Court for leeway on certain pretrial deadlines. As the Court reminded counsel then, both parties have missed multiple pretrial deadlines, and the Court has been flexible with the defense and the prosecution alike, given the complexities of the case. The Court is therefore disinclined to prevent the United States from rebutting Russell's primary defense on the ground that it disclosed a witness after the deadline. Against this background, the Court will consider each *Maples* factor.

    A.       **Willfulness of the Violation**

The first factor the Court must consider is whether the government willfully violated Rule 16 by delaying disclosure intentionally or in bad faith. *Maples*, 60 F.3d at 247. Although Russell asserts that "[i]t is difficult to conjure a reasonable explanation for the government's violation," she does not argue that the government acted intentionally or in bad faith in disclosing that it would call Marvin after the pretrial deadline had passed. (D.N. 100, PageID.428) Nor does Russell point to any evidence of willfulness or bad faith on the part of the government. (*Id.*)

There is likewise no reason to believe that the government violated Rule 16 or this Court's scheduling order intentionally or in bad faith. Although the prosecution is required to disclose expert testimony that it plans to present during its rebuttal, Fed. R. Crim. P. 16(a)(1)(G)(i), the United States argues that it plans to call Marvin as a fact witness rather than an expert witness, but nevertheless disclosed the testimony out of an abundance of caution. (D.N. 102, PageID.439-40) Without ruling as to the merits of this argument, the Court finds that the lack of clarity regarding whether Marvin is an expert, fact, or a hybrid witness at minimum weighs against finding that the government acted willfully or in bad faith. In sum, there is no reason to conclude that the government acted intentionally or in bad faith when it notified defense counsel of its intention to call a rebuttal witness three weeks before trial.

    B.       **Prejudice to Defendant**

The second *Maples* factor is the degree of prejudice to the defendant from the Rule 16 violation. *Maples*, 60 F.3d at 247. Prejudice from delayed disclosure of expert testimony is unlikely to merit suppressing that testimony where (1) the defendant raised the issue involved and already planned to call their own expert to give an opinion on the issue; (2) the defendant was aware that the issue would likely be raised at trial; and (3) the United States disclosed the

underlying evidence and reports well in advance of trial. *See United States v. Ganier*, 468 F.3d 920, 928 (6th Cir. 2006). All three of these circumstances are present here.

The government informed defense counsel that it would call Marvin as a rebuttal witness to Russell's expert witness, Dr. Walter Butler. (D.N. 100, PageID.424; D.N. 102, PageID.437) Russell thus raised the issue involved; already planned to call her own expert to give an opinion on the issue; and was aware that the issue would be raised at trial because she planned to raise it. S*ee Ganier*, 468 F.3d at 928. Russell concedes that the testimony of her expert is based in large part upon "extensive information from psychologist Kelli Marvin, Ph.D., who had examined Defendant Russell for a 2018 case," including Marvin's "formal report and trial testimony regarding Ms. Russell's mental condition." (D.N. 100, PageID.424) As the United States observes, Russell has had this extensive testimony from Marvin in her possession since the United States "disclosed Marvin's information to the defense in about August 2022." (*Id.*; D.N. 102, PageID.437) The third *Ganier* factor is therefore also present, and any prejudice to Russell is likely insufficient to merit wholesale suppression of Marvin's testimony. *See* 468 F.3d at 928.

The fact that Marvin's prior testimony and report serves as the basis, in significant part, of Butler's testimony further erodes the argument that the late notice meaningfully prejudiced the defense. Russell protests that she "had no reason to plan or prepare to cross-examine" Marvin as a rebuttal expert witness. (D.N. 100, PageID.427) Yet Russell was always going to have to address Marvin's testimony and evaluation of Russell. Even without calling Marvin to the stand, the United States could "cross-examine and test [Russell's] psychiatrists as to the bases for their expert opinions," including the extensive information from Marvin. *Watters v. Hubbard*, 725 F.2d 381, 386 (6th Cir. 1984). In short, defense counsel was no doubt prepared to do in redirect what it must

4

now do on cross-examination. *See Watters*, 725 F.2d at 386. The second *Maples* factor therefore weighs substantially against suppressing Marvin's testimony.

C.     **Adequacy of Alternative Remedies**

Courts must apply the least severe remedy for a Rule 16 violation that will cure the prejudice to the defendant. *Maples*, 60 F.3d at 247. Thus, if a continuance or recess would allow the defense to adequately prepare for the recently disclosed witness, a court may not suppress that witness's testimony. *See id.* Here, as discussed above, the defense has had the materials underlying Marvin's expected testimony for more than a year. (D.N. 100, PageID.424) A brief continuance would be sufficient to allow defense counsel to prepare to cross-examine Marvin given their familiarity with her testimony in the family-court proceedings. *See United States v. Collins*, 799 F.3d 554, 574 (6th Cir. 2015) (affirming denial of motion to suppress expert testimony where the prosecution did not disclose any of its expert testimony until five days before trial, because a continuance would have been an adequate remedy). And this is not one of the rare cases in which a continuance, while adequate to remedy the violation, would inappropriately delay the proceedings. *Cf. United States v. Pittman*, 816 F.3d 419, 425 (6th Cir. 2016) (finding no abuse of discretion in suppressing evidence rather than recessing ongoing trial to remedy Rule 16 violation where trial had been continued twelve times over the course of four years).

Where a continuance would allow the defense adequate time to address the recently disclosed evidence or testimony but the Rule 16 motion seeks only suppression, the Court may deny the motion in whole rather than granting lesser remedies that defense counsel ignored. *See Maples*, 60 F.3d at 247 (citing *United States v. Bartle*, 835 F.2d 646 (6th Cir. 1987) (affirming denial of Rule 16 motion where defense moved only to suppress the evidence and did not request a recess or continuance).

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Russell's motion to suppress (D.N. 100) is **DENIED**.  If defense counsel conclude that they require more time prior to the start of trial to prepare for cross-examination of Marvin, the Court will entertain a motion for a brief continuance.  Such a motion **SHALL** be filed by close of business, Tuesday, November 28, 2023. Alternatively, the Court will consider a brief recess, after the close of the defendant's case, to permit counsel to prepare for Marvin's testimony.

November 27, 2023

David J. Hale, Judge
United States District Court