UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ELECTRONICALLY FILED**

UNITED STATES OF AMERICA            PLAINTIFF

v.            CRIMINAL ACTION NO. 3:22-CR-00058-DJH

STEPHANIE RUSSELL            DEFENDANT

## STEPHANIE RUSSELL'S MOTION TO CONTINUE TRIAL

In consideration of the Court's ruling this morning concerning the intent element of the murder-for-hire statute, Defendant Russell asks the Court to postpone the jury trial so counsel can prepare to defend her effectively and efficiently.

The condition of a defendant's state of mind when committing the charged offense is often the sole contested element in a criminal case. Counsel decided early on that this should be the focus of the defense; they have devoted most of their time and effort to gathering factual and expert testimony to show that Ms. Russell was under the influence of extreme emotional disturbance when she made the phone call arranging the alleged murder for hire. The defense first gave notice that it planned to offer such evidence more than a year ago. (*See* Pretrial Mem., R. 51 pg. 2,

Page ID # 196 *and* Proposed Jury Instr., R. 52-1 pp. 2-3, Page ID # 202-203.)  Much of the ensuing litigation in this case has concerned the collection and admissibility of evidence about Ms. Russell's state of mind, including the government's request for a psychological examination of Ms. Russell (U.S. Mot., R. 53, Page ID # 206-210) and the prosecution's notice concerning its intent to offer a psychologist's testimony to rebut the defense expert's opinion regarding Ms. Russell's mental condition (*See* Russell Mot., R. 100, Page ID # 424-429), both of which resulted in continuances of the jury trial.  (*See* Order, R. 58, Page ID # 259 and Order, R. 110, Page ID # 467.)  It is fair to say that Ms. Russell's entire defense plan had concentrated exclusively on establishing that she was emotionally disturbed at the time she committed the acts charged in the indictment.

Following this morning's ruling, defense counsel's task at trial will be two-fold.  Counsel must still present testimony of Ms. Russell's emotional disturbance at the time of her alleged offenses; this must be done in the form of avowals, outside the presence of the jury, but it will require testimony of nearly the same depth and detail as counsel had originally planned to present to the jury.  (*See* Fed. R. Evid. 103(a)(2) (offers of proof)).  Counsel must simultaneously offer a parallel defense for Ms. Russell in the proceedings before the jury; this task will require developing a new approach to the case and preparing a different strategy for witness

testimony, and may well call for new motion practice, such as motions *in limine* to exclude the government's expert testimony regarding Ms. Russell's mental state at the time of the offense. It may also be possible to submit some of the defense's previously-gathered testimony about Ms. Russell's disturbed state of mind as proof to negate the government's claim that it was Ms. Russell's "conscious objective" to bring about the death of another (*see* U.S. Proposed Jury Instr., R.80 pg. 2, Page ID # 332 (defining intent)), but this will require a careful reconsideration of the testimony and will likely result in litigation between the parties regarding admissibility. The additional work will simply require more time than is available between now and tomorrow morning.

    Counsel do not lightly ask for a continuance of trial, but they assure the Court that postponement will make it possible for counsel to prepare an effective defense for Ms. Russell. Counsel accordingly thank the Court for its courtesy.

    Respectfully submitted,

*Michael R. Mazzoli*
Scott C. Cox
Michael R. Mazzoli
Scott Coleman Cox, II
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MMazzoli@coxandmazzoli.com

3

and

David B. Mour
Law Office of David B. Mour
513 S. Second Street
Louisville, KY 40202
502-473-6464
dmour@louisvillefirm.com

Attorneys for Defendant Russell

## CERTIFICATE OF SERVICE

On January 17, 2024, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*
Michael R. Mazzoli