UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                              Plaintiff,

v.                                                    Criminal Action No. 3:22-cr-58-DJH

STEPHANIE M. RUSSELL,                                                Defendant.

* * * * *

**MEMORANDUM OF HEARING AND ORDER**

This matter came before the Court for a status hearing on January 24, 2024, with the following counsel participating:

For the United States:        Marisa Ford

For Defendant:                Scott Cox
                              Michael Mazzoli
                              Scott Coleman Cox, II

The defendant was present.  The Court and counsel discussed the procedural posture of the case and a revised pretrial schedule.  Based on the discussion during the hearing, and without objection, it is hereby

**ORDERED** as follows:

(1)      This matter is **SET** for trial by jury on **April 22, 2024**, **at 9:00 a.m.** at the U.S. Courthouse in Louisville, Kentucky.  Counsel shall be present in court by **8:30 a.m.**  The expected length of trial is six days.  A final pretrial conference will be set by subsequent order.

(2)      Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from January 17, 2024, to April 22, 2024, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**.

1

The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because the defendant and her counsel would otherwise be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This delay is not due to "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

(3)      Any **motions in limine** regarding the scope of admissible mental-health testimony and records from the preceding family-court litigation shall be filed within **2 weeks** of entry of this Order.

(4)      **No later than 4 weeks prior to trial**, each party shall file the following:

(a)      A trial memorandum containing

(i)      The statute(s) involved and elements of the offense(s) (with discussion of authorities, if disputed).

(ii)      A statement of undisputed and disputed facts.

(iii)      A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

(iv)      A statement of evidentiary issues it is reasonably believed will be raised at trial, together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

(v)      A statement of any known or reasonably anticipated potential trial problems, or other issues that may assist the Court in trying the case.

(b)      Proposed substantive and special jury instructions with citations to authorities. It is not necessary to submit standard general instructions. Additional requests at trial are to be kept to a minimum.

(c)      Proposed voir dire questions.

2

       (d)     A brief proposed statement of the case suitable for reading to the jury pool at the start of voir dire.

Counsel shall file an exhibit list and premark for identification purposes all exhibits intended to be used at trial.  Counsel shall file a stipulation as to the authenticity of the exhibits.  Any objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

The United States shall submit, for the Court's *in camera* review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate as to the amount of time that will be required to present the testimony in chief of each witness.  The witness list shall be submitted via e-mail to **chambers_judgehale@kywd.uscourts.gov**.

At the commencement of trial, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

The United States shall retain possession of physical exhibits (e.g., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

(5)     All motions, responses, and replies made pursuant to this Order shall be accompanied by a memorandum and shall conform to and are subject to the requirements and time limitations contained in Local Criminal Rule 12.1, except as otherwise provided herein.

Court Time: 00/25
Court Reporter: Dena Legg

cc: Jury Administrator