**Instruction # \_\_**

### INFERRING REQUIRED MENTAL STATE [1]

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

---

[1]   Sixth Cir. Pattern Crim. Jury Instr. § 2.08 (March 1, 2023), *available at* http://www.ca6.uscourts.gov/pattern-jury-instructions.

**Instruction # \_\_**

## CONDUCT IN DEFENSE OF ANOTHER [2]

One of the questions in this case is whether the defendant was justified in committing the crime. Here, unlike the other matters I have discussed with you, the defendant has the burden of proof.

For you to return a verdict of not guilty because of a justification defense, the defendant must prove the following five factors by a preponderance of the evidence:

*First*, that the defendant reasonably believed there was a present, imminent, and impending threat of death or serious bodily injury to another;

*Second*, that the defendant had not recklessly or negligently placed herself in a situation in which it was probable that she would be forced to choose the criminal conduct;

*Third*, that the defendant had no reasonable, legal alternative to violating the law;

*Fourth*, that the defendant reasonably believed her criminal conduct would avoid the threatened harm; and

*Fifth*, that the defendant did not maintain the illegal conduct any longer than absolutely necessary.

---

[2] Sixth Cir. Pattern Crim. Jury Instr. § 6.07 (March 1, 2023).

If the defendant proves by a preponderance of the evidence the five elements listed above, then you must find the defendant not guilty.

Preponderance of the evidence is defined as "more likely than not." In other words, the defendant must convince you that the five factors are more likely true than not true.

**Instruction # \_\_**

# ABILITY TO FORM SPECIFIC INTENT [3]

The defendant is charged with a crime which requires that the government prove, beyond a reasonable doubt, that the defendant acted with a certain specific intent. You must take all of the evidence into consideration and determine if at the time when the crime was allegedly committed, the defendant had the specific intent required, or whether the defendant suffered from some abnormal mental or physical condition which prevented him from forming the specific intent required. If you find that the defendant did not form the specific intent required, or, if you have a reasonable doubt that the defendant formed the specific intent required, you should find the defendant not guilty.

---

[3] Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina § VI(D) *Diminished Capacity* (2020 Online Edition) pp. 630-631, *available at* http://www.scd.uscourts.gov/pji/.