UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:22-cr-58-DJH |
| STEPHANIE M. RUSSELL, | Defendant. |

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Defendant Stephanie M. Russell filed a motion in limine seeking to admit mental-health evidence and state-court records from Russell's child-custody proceedings. (Docket No. 124; *see* D.N. 123-1; D.N. 123-2; D.N. 123-3; D.N. 123-4; D.N. 123-5; D.N. 123-6) Russell asserts that the evidence is admissible because it is relevant to her affirmative defense of justification and to negate her criminal intent. (D.N. 124) The United States timely responded, arguing that Russell is not entitled to the justification defense and that the evidence is irrelevant to Russell's mens rea. (D.N. 131) This Order addresses the availability of the justification defense; the Court will decide by subsequent order whether the evidence is admissible to negate Russell's mens rea. After careful consideration, the Court will deny the motion in limine as to justification for the reasons set forth below.

**I.**

Russell asserts that the evidence is admissible "because it illuminates [her] state of mind at relevant moments in time." (D.N. 124, PageID.741) And evidence of her state of mind is relevant and admissible, Russell argues, to demonstrate that (1) her "conduct was legally justified because she believed her acts were necessary to defend her children from serious harm," and (2) she lacked the specific intent required by the murder-for-hire statute. (*Id.*, PageID.750) The government

1

responds that "the evidence will not support [the justification] instruction, and Russell should be precluded at trial from presenting to the jury any argument that she acted out of necessity or was otherwise justified in engaging in the offense conduct charged." (D.N. 131, PageID.803-804) The threshold question, therefore, is whether Russell may assert a justification defense to either crime charged in the Superseding Indictment.

The Sixth Circuit has recognized that "a defense of justification may arise in rare situations." *United States v. Singleton*, 902 F.2d 471, 472 (6th Cir. 1990). When a pre-trial motion raises the issue of the availability of a justification defense "the rule is . . . [that] the defendant must proffer evidence that is legally sufficient to support the defense." *United States v. Ridner*, 512 F.3d 846, 849 (6th Cir. 2008). While "[t]he defendant's preliminary burden is 'not a heavy one' and is met even where there is 'weak supporting evidence[,]' . . . . the trial judge's duty is to require a prima facie showing by the defendant on each of the elements of the defense." *Id.* (quoting *United States v. Riffe*, 28 F.3d 565, 569 (6th Cir. 1994)).[1] To state a prima facie case of justification, Russell must "produce[] evidence upon which a reasonable jury could conclude by a preponderance of the evidence that each of the following five requirements is met":

> (1) that [the] defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;[2]

---

[1] The Sixth Circuit has treated duress, necessity, and justification largely interchangeably, with *Singleton* providing the elements for each. *See United States v. Riffe*, 28 F.3d 565, 568-69 (6th Cir. 1994) (citing *Singleton* for the elements of duress). *But see United States v. Newcomb*, 6 F.3d 1129, 1133 (6th Cir. 1993) (distinguishing between duress, where a defendant's free will was "overcome by an outside force" and justification, "the category of action that is exactly the action that society thinks the actor should have taken, under the circumstances").

[2] The Sixth Circuit has long recognized that the first element of a justification or necessity defense may be satisfied when the defendant acted to prevent harm to third parties rather than to themselves. *See Newcomb*, 6 F.3d at 1135-36.

> (2) that [the] defendant had not recklessly or negligently placed h[er]self in a situation in which it was probable that [s]he would be forced to choose the criminal conduct;
>
> (3) that [the] defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm;
>
> (4) that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm; . . . and
>
> (5) [that the defendant] did not maintain the illegal conduct any longer than absolutely necessary.

*Id.* at 850. Failure to offer evidence to support any one of these elements is grounds for excluding any evidence of justification offered by the defendant. *See United States v. Johnson*, 416 F.3d 464, 468 (6th Cir. 2005) (explaining that "[w]here 'an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense," and the evidence should thus be excluded (quoting *United States v. Bailey*, 444 U.S. 394, 416 (1980))).

The motion in limine acknowledges Russell's burden to establish each of the five elements of her prima facie case of justification. (D.N. 124, PageID.751 ("The relevant proof will be sufficient if "a reasonable jury could conclude by a preponderance of the evidence that each of the . . . five circumstances exist[s] . . . ." (quoting *United States v. Hargrove*, 416 F.3d 486, 490 (6th Cir. 2005)))) Yet Russell only attempts to satisfy two of the five elements, arguing that (1) she had a well-grounded apprehension of serious bodily injury to her children because she "believed her children were at risk" and had "evidence . . . to corroborate her own suspicions," and (2) her repeated unsuccessful attempts to convince legal authorities to intervene on her behalf constituted "specific reasons to doubt that the law enforcement alternative was viable."[3] (*Id.*,

---

[3] Russell casts each of these elements as largely subjective, satisfied if she genuinely believed that her children were in danger and that going to legal authorities would be useless. (D.N. 124,

3

PageID.752 (quoting *United States v. Dixon*, 901 F.3d 1170, 1179 (10th Cir. 2018))) While Russell has neither addressed nor satisfied three of the five elements of her prima facie case of justification, it is especially evident that she has not produced and cannot produce evidence to support the fifth element: the tendered evidence demonstrates that she maintained the illegal conduct longer than necessary.[4]

The requirement that the defendant not maintain the illegal activity any longer than necessary is a strict one: the defendant must abandon the criminal conduct "as soon as a safe opportunity arises." *Singleton*, 902 F.2d at 473 (holding that the district court properly denied an instruction on justification because the defendant did not dispose of the firearm as soon as he left his alleged kidnapper's house); *see Milligan*, 17 F.3d at 181–82 (finding that the defendants could

---

PageID.752) Yet the Sixth Circuit has soundly rejected a subjective standard of justification, noting that such a standard "would require courts and juries to determine a defendant's subjective state of mind" and that "a subjective standard, and the mind reading it requires, amounts to no workable standard at all." *Johnson*, 416 F.3d at 469.

[4] It is unclear whether justification may be a defense to murder-for-hire or stalking at all. The Sixth Circuit has only applied justification to felon-in-possession charges, although it has contemplated the necessity defense in limited contexts beyond felon-in-possession cases. *See, e.g.*, *Newcomb*, 6 F.3d 1129; *United States v. Milligan*, 17 F.3d 177, 182 (6th Cir. 1994) (affirming verdict without categorically ruling out the availability of necessity as a defense to fraud, noting that "[t]he jury rejected the defendants' necessity defense and convicted them of mail and wire fraud. We agree."). In recognizing that illegal possession of a firearm may at times be justified, the *Singleton* court emphasized that the defense "should be construed very narrowly." 902 F.2d at 472. Any expansion of the justification defense beyond felon-in-possession cases should consider the underlying reasoning of the justification defense: that "'[j]ustification' pertains to the category of action that is exactly the action that society thinks the actor should have taken." *Newcomb*, 6 F.3d at 1133. Moreover, the Sixth Circuit has indicated that necessity defenses are unavailable for ongoing offenses like criminal conspiracies, rather than discrete actions. *See Milligan*, 17 F.3d at 182 ("Given that conspiracy is a continuing offense while fraud is not, it was reasonable to limit the necessity defense to fraud."). Murder-for-hire involves an actual or attempted criminal agreement that is similar to a criminal conspiracy. *See Getsy v. Mitchell*, 456 F.3d 575, 592 (6th Cir. 2006) (opinion vacated on other grounds). Based on its extreme and ongoing nature, it is unlikely that murder-for-hire could ever be justified. *See Milligan*, 17 F.3d at 182; *Newcomb*, 6 F.3d at 1133. Stalking also requires an extended course of conduct that makes it an ongoing crime for which justification is likely unavailable as a defense. 18 U.S.C. § 2261A(2).

not establish prima facie justification for their conspiracy to commit medical fraud because they "failed to discontinue their conspiracy and fraud by revealing their deception once McElveen's condition stabilized"). A defendant who maintained the criminal conduct for an extended period cannot establish prima facie justification. *See Newcomb*, 6 F.3d at 1137 ("[w]hen criminal conduct endures for 125 days, or a year, or two years, it is logical to conclude that a defendant who is not being held hostage must have ample opportunity to alert the authorities to his predicament."). Here, Russell is charged with a murder-for-hire plot that lasted for almost a year (D.N. 78, PageID.319), and the government has indicated that it will introduce proof that Russell sought to have her husband killed for more than four years. (D.N. 131, PageID.806) Similarly, she is charged with stalking her husband for an extended period between 2018 and 2019.[5] (D.N. 78, PageID.319-20) Russell thus cannot establish the requirement of the justification defense.[6] *See Singleton*, 902 F.2d at 473; *Newcomb*, 6 F.3d at 1137.

In sum, Russell has failed to meet her burden to "proffer evidence that is legally sufficient to support the defense" of justification. *Ridner*, 512 F.3d at 849. The Court must therefore exclude evidence offered in support of that defense. *See Johnson*, 416 F.3d at 468.

---

[5] Russell has also failed to offer any connection between stalking her husband and preventing harm to her children and thus has not met her burden of showing "that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm." *Ridner*, 512 F.3d at 850.

[6] Russell must also make a preliminary showing, as part of her prima facie case of justification, that she was responding to an imminent, impending threat. The Sixth Circuit has defined an imminent threat as "an immediate threatened injury sufficient to cause a reasonable and prudent person to defend himself." *Richards v. City of Jackson, Michigan*, 788 F. App'x 324, 332 (6th Cir. 2019). The fact that Russell's conduct lasted for a year or more also demonstrates that she was not responding to an immediate threat. *See United States v. Howe*, 289 F. App'x 74, 79 (6th Cir. 2008) (holding that the district court properly excluded evidence of justification where "the generalized nature of the alleged threat and the ample cooling off time negate[d] Howe's assertion that he was under an immediate and imminent threat of death or serious bodily harm.").

**II.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion in limine to admit mental-health testimony and records from the family-court litigation is **DENIED** to the extent Russell seeks to introduce the evidence in support of a justification defense. The Court will decide whether the evidence is admissible to negate Russell's mens rea, or whether it should be excluded entirely, by subsequent Order.

April 12, 2024

David J. Hale, Judge
United States District Court