UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ELECTRONICALLY FILED**

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:22-CR-00058-DJH |
| STEPHANIE RUSSELL | DEFENDANT |

## STEPHANIE RUSSELL'S RESPONSE TO
## UNITED STATES' NOTICE OF RULE 404(B) TESTIMONY

The government has advised the Court that it will seek to introduce proof that defendant Stephanie Russell made "escalating allegations of domestic violence, child abuse and neglect, and child sexual abuse" against her ex-husband in their child custody litigation, and that when these allegations were rejected by the family court and custody was awarded to the ex-husband, Ms. Russell engaged in the acts giving rise to the murder-for-hire charge against her.  (U.S. 404(b) Notice, R. 132 pp. 3-4, Page ID # 816-817.)  The defense, too, has argued that this evidence should be admitted at trial, because it relates to Ms. Russell's state of mind at the time of the offense conduct, and specifically because it shows that Ms. Russell did not form the *mens rea* of criminal

intent when she engaged in that conduct.  (*See, e.g.*, Russell Offer of Proof, R. 123, Page ID # 523-524.)

The parties therefore agree that the proof should be allowed at trial, although (as happens in many trials) they will urge the jury to draw competing inferences from the same facts.  Still, a few brief comments in advance of trial about the evidence, and in particular about the hearsay nature of much of the testimony, may be useful to the Court when it conducts the trial.

**Because the subject matter of the proof is Ms. Russell's state of mind at the time of the offense, the evidence can be considered admissible as either intrinsic (*res gestae*) or extrinsic (Rule 404(b)) testimony.**

"[A] state of mind is involved in every crime and evidence which is relevant to proof of the intent to do the criminal act is always admissible."  *United States v. Angelini*, 607 F.2d 1305, 1310 (9th Cir. 1979).  Whether the source of information about Ms. Russell's state of mind is intrinsic to the case (that is, part of the *res gestae*) or is rooted in extrinsic conduct (an "other act" under the authority of Fed. R. Evid. 404(b)), the evidence ought to be admissible as long as it is relevant and not unduly prejudicial.  *See United States v. Johnson*, 634 F.2d 735, 737 (4th Cir. 1980) (evidence of "other acts" may be critical to proof of a defendant's state of mind).  Regardless of the category in which the particular evidence falls, a cautionary instruction may be appropriate to

guide the jurors concerning the testimony's proper purpose. *See United States v. Landers*, 39 F.3d 643, 648 (6th Cir. 1994).

**The sources of evidence identified in the government's Notice are all hearsay, and therefore cannot be introduced to prove the "truth of the matter asserted"; the evidence can, however, be admitted to prove something *other than* the truth of the matter asserted, such as Ms. Russell's state of mind.**

The prosecution identifies several sources of proof in its Notice, each of them a group of records generated by law enforcement agencies or Jefferson Family Court. (*See* U.S. 404(b) Notice, R. 132 pp. 3-4, Page ID # 816-817.) These are all out-of-court written statements, and they cannot be offered for the truth of the matter asserted unless a hearsay exception applies. *United States v. Williams*, 110 F.App'x 638, 641 (6th Cir. 2004) (quoting FRE 801 and 802). The different sets of records underlying the government's proof do not, however, qualify for special treatment under the hearsay rules.

Judicial orders and findings of fact, such as the Emergency Protective Orders and Family Court records cited by the prosecution's Notice (*see* R. 132 pp. 3-4, Page ID # 816-817), are not "public records" exempt from the hearsay ban under FRE 803(8), *see United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994), and though they are entitled to acknowledgement via judicial notice, such notice is restricted to "the limited purpose of recognizing the 'judicial act' that the order represents or the

subject matter of the litigation," not the findings of fact contained in the order. *Id.* at 1553; *see also Herrick v. Garvey*, 298 F.3d 1184, 1192 (10th Cir. 2002) (Rule 803(8)) *and McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014) (judicial notice). Civil and criminal investigations by public agencies, such as actions by Child Protective Services, the Division of Pediatric Forensic Medicine, and the Crimes Against Children Unit (*see* U.S. 404(b) Notice, R. 132 pg. 3, Page ID # 816), *do* qualify as public records under Rule 803(8), but in a criminal case only *the defendant* can introduce factual findings in these reports for the truth of the matter asserted, *see* 803(8)(A)(iii), and statements about "matters observed by law-enforcement personnel" are precluded altogether. *See* 803(8)(A)(ii); *see also United States v. Russell*, 156 F.3d 687, 691-692 (6th Cir. 1998).

    Some of these records, however, or at least portions of them, are probative of Ms. Russell's state of mind, and when offered as evidence for that specific purpose, the hearsay rules do not block the testimony, because it stands as evidence of something other than the truth of the matter asserted. *See Biver v. Saginaw Twp. Cmty. Sch.,* 805 F.2d 1033 (6th Cir. 1986) *and Wylie & Sons Landscaping, LLC v. FedEx Ground Package Sys., Inc.*, 696 F. App'x 717, 722 (6th Cir. 2017). Thus, for instance, an Emergency Protective Order filed by Ms. Russell containing her statement that her child was abused by R.C. could *not* be treated as evidence that

the child was, in fact, abused by anyone, but it *could* be admitted for what it says about Ms. Russell's state of mind concerning her children's welfare.

**The government cannot offer this evidence exclusively in "summary form": the underlying proof must first be admitted in its entirety.**

The government's Notice says in passing that it will offer a summary of the evidence described in the pleading, and that it "does not intend to introduce, for example, specifics of each of the unsubstantiated claims" at issue. (U.S. 404(b) Notice, R. 132 pg. 4 n.3, Page ID # 817.) This approach is not necessarily objectionable, but summary testimony is limited to commentary that "organize[s] the jury's examination of testimony and documents *already admitted in evidence.*" *United States v. Paulino*, 935 F.2d 739, 753 (6th Cir. 1991) (emphasis added), *modified in non-relevant parts by United States v. Gessa* 971 F.2d 1257, 1261 (6th Cir. 1992) *and United States v. Caseslorente,* 220 F.3d 727, 734 (6th Cir. 2000). The summary testimony itself "does not constitute evidence," *ibid.*, and it can be excluded altogether if it is "too conclusory or inaccurate." *Ibid.* Before the prosecution offers summary testimony, therefore, the underlying evidence must be properly in the record, and the summary itself must be fair and reflective of the actual proof.

## CONCLUSION

Ms. Russell asks the Court to control the admission of the testimony identified in the government's Notice in accordance with the evidentiary rules described above.

Respectfully submitted,

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli
Scott Coleman Cox, II
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MMazzoli@coxandmazzoli.com

and

David B. Mour
Law Office of David B. Mour
513 S. Second Street
Louisville, KY 40202
502-473-6464
dmour@louisvillefirm.com

Attorneys for Defendant Russell

## CERTIFICATE OF SERVICE

On April 15, 2024, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*
Michael R. Mazzoli