# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:22-CR-58-DJH |
| | *FILED ELECTRONICALLY* |
| STEPHANIE M. RUSSELL | DEFENDANT |

## MOTION IN LIMINE

On April 17, 2024, this Court stated that it "will not permit . . . attempts to relitigate the state-court proceedings or establish that Russell believed that her children were being abused. The Court will allow limited evidence of the kind described by the government in its 404(b) notice, that "there was a contentious custody dispute between Russell and her former husband over the two children" and that Russell's ex-husband "was granted full, permanent custody of the two children in January 2022."" (DN 137, PageID# 1297). Accordingly, the United States moves in limine to preclude any mention of, or reference to, allegations of physical or sexual abuse of the children, whether by counsel in openings or closings, by witnesses, or in exhibits.[1]

As this Court has already recognized, Russell's allegations are inadmissible first and foremost because they are entirely irrelevant to any of the issues to be resolved at trial. F.R.E. 401. Moreover, given the highly inflammatory nature of the allegations, any conceivable relevance they may have is vastly outweighed by the risk that they will create unfair prejudice,

---

[1] Russell's allegations of physical and sexual abuse were squarely rejected by the Family Court, which found that the children's father, R.C., "has not committed any acts of domestic violence or abuse against [Russell] or the children as determined by medical providers and the custody evaluator and supported by the evidence presented in this action." The court further found that "[Russell] has fabricated these allegations and then used the children and misinformation in order to build a false narrative that [R.C.] is abusive . . . ." (R.C. v. Stephanie Russell, Jefferson Circuit Court, Family Division 7, Findings of Fact, Conclusions of Law and Custody Decree, Jan. 31, 2022, pp. 87-88, ¶ 5).

and confuse and mislead the jury.  F.R.E. 403.   Additionally, any mention of the allegations will necessitate a lengthy "trial within a trial" to thoroughly disprove and discredit those allegations.

The United States has redacted its exhibits to eliminate any mention or reference to alleged abuse of the children, will make no mention of the allegations of abuse in openings or closings, and will instruct its witnesses to make no mention of Russell's false abuse allegations. The United States moves the Court to grant this motion and to require the defendant to do the same.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*David Weiser*
Marisa J. Ford
David R. Weiser
Assistant United States Attorneys
717 West Broadway
Louisville, Kentucky 40202
David.Weiser@usdoj.gov
(502) 625-7068

### CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

*David Weiser*
Assistant United States Attorney