UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                                           CRIMINAL NO. 3:22CR00058-DJH

STEPHANIE M. RUSSELL                                                                    DEFENDANT

## SENTENCING MEMORANDUM

Comes the United States of America, by counsel, Assistant United States Attorney Marisa J. Ford, and files its memorandum in support of sentencing in this action currently scheduled for July 31, 2024.

### I. Factual Background

During a protracted custody battle with her ex-husband, Stephanie Russell engaged in a years' long pattern of criminal activity intended to intimidate her former spouse into abandoning his effort to obtain joint custody of their two children. Russell's efforts included using a third party to engage in the stalking conduct charged in Count 2 of the Second Superseding Indictment and described thoroughly in the Presentence Investigation Report. [DN 151, PageID # 1480-82]. When Russell's efforts to have her ex-husband branded as a domestic abuser and child sex-abuser in the course of the family court litigation failed, sole custody of the two children was awarded to Russell's former spouse in January 2022, with Russell's contact with the children limited to supervised visitation only. Having completely failed in her efforts to cut her former husband off from any relationship with the children, Russell set about to have him killed by a hitman resulting in the murder for hire charged in Count 1 and described thoroughly in the Presentence Investigation Report, PageID # 1478-80].

1

## II.  Crimes of Conviction and Russell's Plea Agreement.

Russell entered a plea of guilty to the two counts of the Second Superseding Indictment on April 22, 2024, the same day her trial by jury was to commence.   Russell pled guilty to the charges pursuant to a Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement. The Plea Agreement provides that the parties agree (i) that a sentence of not less than 97 months and not more than 144 months is an appropriate sentence; and (ii) that Russell qualifies for a reduction of 2 levels below the otherwise applicable Guideline for acceptance of responsibility *provided the defendant does not engage in future conduct which violates any federal or state law* (emphasis added).  [DN 144, PageID # 1395].  The Plea Agreement also calls for the forfeiture of $5,975 in currency as property involved in the violation of 18 U.S.C. §1958.

## III. Sentencing Guidelines calculation and Statutory Maximum Sentence.

The Initial Presentence Investigation Report found Russell's Total Offense Level to be 35.  [DN 144, PageID # 1458].  The Probation Officer also determined that Russell is a Criminal History Category I.  [Id.]  Based upon a total offense level of 35 and a criminal history category of I, the advisory guideline range of imprisonment was 168-210 months.  [DN 144, PageID # 1458]. However, the statutory maximum penalty for a conviction on Count 1 in this case is a sentence of not more than 10 years and the statutory maximum penalty for a conviction on Count 2 is a sentence of not more than 5 years for a combined maximum statutory penalty of not more than 15 years (180 months).  Therefore, the advisory guideline range of imprisonment is 168 – 180 months.

The day after Russell entered her guilty plea, the United States was notified that Russell, who is in pre-trial detention, was soliciting other female prisoners in a renewed effort to find someone to murder her ex-husband.  On July 9, 2024, this information was provided to the U.S. Probation Office with the United States' objections to the initial Presentence Investigation Report.

2

Based upon the probable cause to believe that Russell had engaged in ongoing violations of state or federal law *after* she entered her guilty plea on April 22, 2024, and pursuant to the express provision of paragraph 10 of the parties' Plea Agreement [DN 144, Page ID # 1395], the United States objected to Russell receiving any reduction for acceptance of responsibility. Defense counsel was advised of the government's objection to acceptance on the same date and provided with copies of the supporting documentation pursuant to Rule 32(f)(2) of the Federal Rules of Criminal Procedure. The evidence included a letter postmarked April 22, 2024, the date of Russell's guilty plea, sent by another pretrial detainee to her boyfriend at Russell's behest. Russell wanted to know if the boyfriend knew anyone who would be willing to kill her ex-husband. The letter included the name and address of Russell's ex-husband, personal identifying information which, to the government's knowledge, had not been made publicly available either as part of the federal criminal prosecution or the family court litigation.

The final Presentence Investigation Report was filed on July 17, 2024. [DN 151]. The United States Probation Office agreed with the government's objection to Russell receiving a reduction for acceptance. [DN 151-1, Addendum, PageID # 1492]. In addition, the Probation Office added a two-level enhancement for obstruction of justice pursuant to USSG § 3C1.1. [Id.] As a result, Russell's Total Offense Level increased by 4 levels from a level 35 to a level 39. [DN 151, PageID # 1484]. Based upon a total offense level of 39 and a criminal history category of I, the guideline imprisonment range increased in the final Presentence Investigation Report to 262 to 327 months. However, the combined maximum statutory penalties described above are unchanged – the maximum sentence that may be imposed in this case is a term of imprisonment of 15 years (or 180 months). [DN 151, PageID # 1488].

The United States has no objection to the Guideline calculations set out in the final Presentence Investigation Report filed on July 17, 2024, and concurs with the criminal history calculation as well.

### IV. A Change in Circumstances and Impact of Plea Agreement.

By its express terms, the government's plea agreement does not provide a mechanism by which the United States can move to withdraw from the plea agreement where a defendant has engaged in additional criminal conduct following entry of her guilty plea. The relief available to the United States is limited to opposing any reduction for acceptance of responsibility which the United States has done in this case.

The Plea Agreement provides for a sentence of between 97 and 144 months. Because of the ongoing conduct, and lack of acceptance of responsibility, the United States requests that the Court impose a sentence at the high end of that range, or 144 months. Specifically, the United States requests that the Court impose a sentence of 120 months as to Count 1 and 24 months as to Count 2, with the terms of imprisonment to run consecutively for a combined sentence of 144 months imprisonment. Such a sentence would be within the agreed upon imprisonment range. If the Court does not impose a sentence within the range, because it is a Plea Agreement pursuant to Rule 11(c)(1)(C), the Court must give the defendant an opportunity to withdraw from her guilty plea.

MICHAEL A. BENNETT
United States Attorney

/s/ *Marisa J. Ford*
Marisa J. Ford
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5930
Marisa.ford@usdoj.gov